Edmond Nassirzadeh, Esq.    SBN 201833
**NASS LAW FIRM**
9454 Wilshire Blvd., Suite 700
Beverly Hills, California 90212
Tel: 310-858-7755
Fax: (310) 858-2255
ed@nasslawfirm.com

Attorney for Debtor and Defendant,
PETER PEDROM ETESAMNIA

# UNITED STATES BANKRUPTCY COURT

# CENTRAL DISTRICT OF CALIFORNIA

# LOS ANGELES DIVISION

| | |
|---|---|
| In re | Bankruptcy Case No.: 2:12-bk-43661-TD |
| PETER PEDROM ETESAMNIA, | Adversary Case No.: 2:13-ap-01695-TD |
| Debtor | **NOTICE OF MOTION AND MOTION TO DISMISS ADVERSARY COMPLAINT** |
| KOUROSH MALEKAN, | |
| Plaintiff, | Hearing Date: |
| vs. | Date:   September 19, 2013 |
| | Time:   11:00 a.m. |
| PETER PEDROM ETESAMNIA | Courtroom:   1345 |
| | 255 E. Temple Street |
| Defendant. | Los Angeles,  California 90012 |

TO THE HONORABLE THOMAS B. DONOVAN, TO THE PLAINTIFF KOUROSH MALEKAN, THE OFFICE OF THE UNITED STATES TRUSTEE, AND TO INTERESTED PARTIES:

1

**NOTICE OF MOTION AND MOTION TO DISMISS ADVERSARY COMPLAINT**

PLEASE TAKE NOTICE that at the above date, time and place, the Debtor and Defendant PETER PEDROM ETESAMNIA (hereinafter referred to as "Debtor" and/or "Defendant"), will move this Court for an order dismissing the Adversary Proceeding, or at minimum, dismissing the Adversary Complaint filed in the above referenced proceeding pursuant to Federal Rules of Civil Procedure 12(b)(6), made applicable to this proceeding by Rule 7012 of the Federal Rules of Bankruptcy Procedure.

This motion to dismiss (the "Motion") is being made on the grounds that the Plaintiff to the above captioned action has failed to file a Motion for Leave to File or Allow Late Filing of Dischargeability Complaint and therefore the Adversary Complaint is fatally flawed since no relief can be granted to Plaintiff based on his Adversary Complaint.

This Motion is based on the attached memorandum of points and authorities, those matters of which the court may take judicial notice, and all oral and documentary evidence that may presented at the time of the hearing on the Motion.

PLEASE TAKE FURTHER NOTICE that this Motion is being heard on regular notice pursuant to Local Bankruptcy Rule 9013-1. If you wish to oppose this Motion, you must file a written response with the Bankruptcy Court and serve a copy of it upon the Movant or Movant's attorney at the address set forth above no less than fourteen (14) days prior to the above hearing date. If you fail to file a written response to this Motion within such time period, the Court may treat such failure as a waiver of your right to oppose the Motion and may grant the requested relief.

WHEREFORE, the Debtor prays that this Court enter an Order as follows:

1. Dismissing the Adversary Complaint in its entirety due to Plaintiff's failure to file a Motion for Leave to File or Allow Late filing of Dischargeability Complaint;

2. Granting such other and further relief as the Court deems just and proper.

Dated: August 25, 2013                                    **NASS LAW FIRM**

By: _____
Edmond Nassirzadeh, Esq.

2

**NOTICE OF MOTION AND MOTION TO DISMISS ADVERSARY COMPLAINT**

Attorney for Debtor & Defendant

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. FACTUAL AND PROCEDURAL BACKGROUND

On October 4, 2012, Debtor, Peter Etesamnia (herein after referred to as "Debtor") filed a Chapter 7 Bankruptcy Petition through his Counsel of record, Edmond Nassirzadeh. Thereafter on January 7, 2013, the Court issued a Discharge. Movant, Kourosh Malekan (herein after referred to as "Movant" and/or "Plaintiff") was not listed as a Creditor on Debtor's Schedules, as Debtor as an individual, never had a business relationship or contractual relationship with the Movant.

On October 16, 2012 (only 12 days after Debtor filed his Chapter 7), Movant filed a Complaint in Los Angeles Superior Court against Debtor, bearing case number SC118749 (herein after referred to as "State Court Action/Complaint"). However, Movant did not attempt to serve Defendant until eight months after the filing of the State Court Complaint.

On July 17, 2013, KOUROSH MALEKAN (the "Plaintiff") filed an Adversary Complaint, bearing Adversary Case number 2:13-ap-01695-TD (the "Complaint") against PETER PEDROM ETESAMNIA, the Debtor and Defendant herein (the "Debtor" and/or "Defendant"), purportedly asserting Fraud claims (generally, the "Adversary Proceeding"). The last day for a creditor or party to object to Debtor's Discharge was December 31, 2012.

Essentially, the Plaintiff herein has filed an Adversary Complaint that is seven months past the deadline. The Plaintiff herein was informed of Debtor's Bankruptcy Filing on June 5, 2013 when Debtor's Counsel filed and served a Notice of Stay of Proceeding in the State Court Action. Despite Plaintiff having now known about Debtor's Bankruptcy, for

3

**NOTICE OF MOTION AND MOTION TO DISMISS ADVERSARY COMPLAINT**

the past 78 days Plaintiff has yet to file a Motion for Leave to File Allow Late Filing of his instant Dischargeability Complaint.

By this Motion, the Defendant seeks to dismiss this Adversary Proceeding as a whole under FRCP 12(b)(6), because the Plaintiff had failed to file a Motion for Leave to File Allow Late Filing of his instant Dischargeability Complaint even after knowing about Debtor's Bankruptcy for the past 78 days.

Accordingly, the Defendant respectfully prays that the Adversary Proceeding be dismissed in its entirety.

## II.

## LEGAL ARGUMENT

<u>Federal Rule of Civil Procedure</u> 12(b)(6) provides in pertinent part, "the following defenses may at the option of the pleader be made by motion: . . .(6) failure to state a claim upon which relief can be granted . . . . " <u>Fed. R. Civ. P.</u> 12(b)(6).

### A.    **PLAINTIFF'S COMPLAINT SHOULD BE DISMISSED**

Federal Rules of Bankruptcy Procedure § 4007 states in pertinent part:

"(a) Persons entitled to file complaint: A debtor or any creditor may file a complaint to obtain a determination of the dischargeability of any debt.

Except as otherwise provided in subdivision (d), a complaint to determine the dischargeability of a debt under § 523(c) shall be filed no later than 60 days after the first date set for the meeting of creditors under § 341(a). The court shall give all creditors no less than 30 days' notice of the time so fixed in the manner provided in Rule 2002. ***On motion of a party in interest, after hearing on notice, the court may for cause extend the time fixed***

*under this subdivision. The motion shall be filed before the time has expired.[emphasis added]"*

Even though the Plaintiff herein has had knowledge of Debtor's Bankruptcy for over 78 days, it has failed to yet file a Motion to extend the deadline or to allow a late filing of the instant non-dischargeability Complaint and hence Plaintiff's Complaint should be dismissed.

In addition, the Court should be aware that Plaintiff's motion for relief from the automatic stay to liquidate a claim in state court cannot substitute for a motion to extend the time for filing a § 523 complaint, In re Schones, 42 B.R. 552, Bankr. L. Rep. (CCH) P 70051 (Bankr. W.D. Okla. 1984); In re Collins, 173 B.R. 251, 253 (Bankr. D. N.H. 1994); In re Kennerley, 995 F.2d 145, 147, Bankr. L. Rep. (CCH) P 75314 (9th Cir. 1993); nor will a motion to lift the automatic stay generally be construed to be a complaint to determine dischargeability. In re Kennerley, 995 F.2d 145, 146–47, Bankr. L. Rep. (CCH) P 75314 (9th Cir. 1993).

Hence the Plaintiff herein is attempting to bypass such procedural requirements of first obtaining permission from the Court for filing of a late non-discharageblility Complaint and forcing the Defendant to defend an Adversary Complaint that is time-barred at the moment.

**NOTICE OF MOTION AND MOTION TO DISMISS ADVERSARY COMPLAINT**

# CONCLUSION

Based upon the foregoing, the Debtor respectfully submits that the Complaint contains fatal flaws and therefore the Adversary Proceeding should be dismissed in its entirety with prejudice.

Dated: August 25, 2013                                **NASS LAW FIRM**

By: _____
Edmond Nassirzadeh, Esq.
Attorney for Debtor and Defendant
PETER PEDROM ETESAMNIA

## **DECLARATION OF PETER ETESAMNIA**

I, PETER ETESAMNIA, declare as follows:

1.   I have personal knowledge of the matters set forth in this Declaration and, if called upon to testify, I could and would competently testify to the truthfulness of all the below statements. I am the Defendant in the Adversary Proceeding herein.

2.   On October 4, 2012, I, Peter Etesamnia (herein after referred to as "Debtor") filed a Chapter 7 Bankruptcy Petition through my Counsel of record, Edmond Nassirzadeh.

3.   Thereafter on January 7, 2013, the Court issued a Discharge.

4.   Movant, Kourosh Malekan (herein after referred to as "Movant" and/or "Plaintiff") was not listed as a Creditor on my Schedules, as I as an individual, never had a business relationship or contractual relationship with the Movant.

5.   On October 16, 2012 (only 12 days after I filed his Chapter 7), Movant filed a Complaint in Los Angeles Superior Court against me, bearing case number SC118749 (herein after referred to as "State Court Action/Complaint"). However, Movant did not attempt to serve me until eight months after the filing of the State Court Complaint.

6.   On July 17, 2013, KOUROSH MALEKAN (the "Plaintiff") filed an Adversary Complaint, bearing Adversary Case number 2:13-ap-01695-TD (the "Complaint") against me, the Debtor and Defendant herein (the "Debtor" and/or "Defendant"), purportedly asserting Fraud claims (generally, the "Adversary Proceeding"). The last day for a creditor or party to object to Debtor's Discharge was December 31, 2012.

7. Essentially, the Plaintiff herein has filed an Adversary Complaint that is seven months past the deadline.

8. The Plaintiff herein was informed of my Bankruptcy Filing on June 5, 2013 when my Counsel filed and served a Notice of Stay of Proceeding in the State Court Action.

9. Despite Plaintiff having now known about my Bankruptcy, for the past 78 days Plaintiff has yet to file a Motion for Leave to File Allow Late Filing of his instant Dischargeability Complaint.

10. By this Motion, I seek to dismiss this Adversary Proceeding as a whole under FRCP 12(b)(6), because the Plaintiff had failed to file a Motion for Leave to File Allow Late Filing of his instant Dischargeability Complaint even after knowing about my Bankruptcy for the past 78 days.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on this 25nd day of August 2013, at Beverly Hills, California.

*/s/ Peter Etesamnia*

PETER ETESAMNIA

**NOTICE OF MOTION AND MOTION TO DISMISS ADVERSARY COMPLAINT**

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
**9454 Wilshire Boulevard
Suite 700
Beverly Hills, CA 90212**

A true and correct copy of the foregoing document described as  **NOTICE OF MOTION AND MOTION TO DISMISS ADVERSARY PROCEEDING** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

**I. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** - Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On  **August 25, 2013**  , I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

**Jason M Rund (TR)**         trustee@srlawyers.com, jrund@ecf.epiqsystems.com
**United States Trustee (LA)**     ustpregion16.la.ecf@usdoj.gov
**A David Youssefyeh**        david@adylaw.com

☐ Service information continued on attached page

**II. SERVED BY U.S. MAIL OR OVERNIGHT MAIL** (indicate method for each person or entity served):
On  **August 25, 2013**  , I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

**Honorable Thomas B. Donovan
United States Bankruptcy Court - Central District of California
Edward R. Roybal Federal Building and Courthouse
255 E. Temple Street, Suite 1352 / Courtroom 1345
Los Angeles, CA 90012**

☐ Service information continued on attached page

**III. SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on ____, I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

 **August 25, 2013**          **Edmond Nassirzadeh Esq.**              _[signature]_
*Date*               *Type Name*                  *Signature*