Edmond Nassirzadeh, Esq.    SBN 201833
**NASS LAW FIRM**
9454 Wilshire Blvd., Suite 700
Beverly Hills, California 90212
Tel: 310-858-7755
Fax: (310) 858-2255
ed@nasslawfirm.com

Attorney for Debtor and Defendant,
PETER PEDROM ETESAMNIA

# UNITED STATES BANKRUPTCY COURT

# CENTRAL DISTRICT OF CALIFORNIA

# LOS ANGELES DIVISION

| | |
|---|---|
| In re | Bankruptcy Case No.: 2:12-bk-43661-TD |
| PETER PEDROM ETESAMNIA, | Adversary Case No.: 2:13-ap-01695-TD |
| Debtor | |
| KOUROSH MALEKAN, | **NOTICE OF MOTION AND MOTION TO DISMISS SECOND AMENDED ADVERSARY COMPLAINT** |
| Plaintiff, | |
| vs. | Hearing Date: |
| | Date: November 12, 2014 |
| PETER PEDROM ETESAMNIA | Time: 10:00 a.m. |
| | Courtroom: 1345 |
| Defendant. | 255 E. Temple Street |
| | Los Angeles, California 90012 |

TO THE HONORABLE THOMAS B. DONOVAN, TO THE PLAINTIFF KOUROSH MALEKAN AND ITS COUNSEL OF RECORD, THE OFFICE OF THE UNITED STATES TRUSTEE, AND TO INTERESTED PARTIES:

1

**NOTICE OF MOTION AND MOTION TO DISMISS SECOND AMENDED ADVERSARY COMPLAINT**

1  PLEASE TAKE NOTICE that at the above date, time and place, the Debtor and Defendant PETER PEDROM ETESAMNIA (hereinafter referred to as "Debtor" and/or "Defendant"), will move this Court for an order dismissing the Adversary Proceeding, or at minimum, dismissing the Second Amended Adversary Complaint filed in the above referenced proceeding pursuant to <u>Federal Rules of Civil Procedure</u> 12(b)(6), made applicable to this proceeding by Rule 7012 of the Federal Rules of Bankruptcy Procedure.

This motion to dismiss (the "Motion") is being made on the grounds that the Plaintiff to the above captioned action has failed to state any claims for which relief can be granted as to any of the asserted claims for relief, and therefore the Second Amended Adversary Complaint is fatally flawed.

This Motion is based on the attached memorandum of points and authorities, those matters of which the court may take judicial notice, and all oral and documentary evidence that may presented at the time of the hearing on the Motion.

PLEASE TAKE FURTHER NOTICE that this Motion is being heard on regular notice pursuant to Local Bankruptcy Rule 9013-1. If you wish to oppose this Motion, you must file a written response with the Bankruptcy Court and serve a copy of it upon the Movant or Movant's attorney at the address set forth above no less than fourteen (14) days prior to the above hearing date. If you fail to file a written response to this Motion within such time period, the Court may treat such failure as a waiver of your right to oppose the Motion and may grant the requested relief.

WHEREFORE, the Debtor prays that this Court enter an Order as follows:

1. Dismissing the Second Amended Adversary Complaint in its entirety due to the fatal flaws in each of the asserted causes contained in Complaint;

2. Granting such other and further relief as the Court deems just and proper.

Dated: September 28, 2014                    **NASS LAW FIRM**

By: _____
Edmond Nassirzadeh, Esq.

2

**NOTICE OF MOTION AND MOTION TO DISMISS SECOND AMENDED ADVERSARY COMPLAINT**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**NOTICE OF MOTION AND MOTION TO DISMISS SECOND AMENDED ADVERSARY COMPLAINT**

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. FACTUAL AND PROCEDURAL BACKGROUND

On October 4, 2012, Debtor, Peter Etesamnia (herein after referred to as "Debtor") filed a Chapter 7 Bankruptcy Petition through his Counsel of record, Edmond Nassirzadeh. Thereafter on January 7, 2013, the Court issued a Discharge. Movant, Kourosh Malekan (herein after referred to as "Movant" and/or "Plaintiff") was not listed as a Creditor on Debtor's Schedules, as Debtor as an individual, never had a business relationship or contractual relationship with the Movant.

On October 16, 2012 (only 12 days after Debtor filed his Chapter 7), Movant filed a Complaint in Los Angeles Superior Court against Debtor, bearing case number SC118749 (herein after referred to as "State Court Action/Complaint"). However, Movant did not attempt to serve Defendant until eight months after the filing of the State Court Complaint.

On July 17, 2013, KOUROSH MALEKAN (the "Plaintiff") filed an Adversary Complaint, bearing Adversary Case number 2:13-ap-01695-TD (the "Complaint") against PETER PEDROM ETESAMNIA, the Debtor and Defendant herein (the "Debtor" and/or "Defendant"), purportedly asserting Fraud claims (generally, the "Adversary Proceeding"). The last day for a creditor or party to object to Debtor's Discharge was December 31, 2012.

On August 25, 2013, Defendant filed a Motion to Dismiss the Adversary Complaint and said Motion was heard on September 19, 2013. The Court Denied Defendant's Motion to Dismiss, without prejudice. However at a later Status Conference, the Court voluntarily re-visited the allegations of Plaintiff's Adversary Complaint and ordered Plaintiff to file an

First Amended Adversary Complaint. At the following Status Conference, the Court dismissed Plaintiff's First Amended Complaint as it did not state sufficient facts to sustain a cause of action for Fraud. The Court allowed Plaintiff to file a Second Amended Adversary Complain, which Plaintiff filed on September 12, 2014, thereby allowing Defendant to file a Motion to Dismiss said Second Amended Adversary Complaint.

By this Motion, the Defendant seeks to dismiss the Second Amended Adversary Proceeding as a whole under FRCP 12(b)(6), because it fails to state claims for which relief can be granted.

Accordingly, the Defendant respectfully prays that the Second Amended Adversary Proceeding be dismissed in its entirety.

## II.

## LEGAL ARGUMENT

Federal Rule of Civil Procedure 12(b)(6), [as incorporated into F.R.B.P. 7012(b)(6)] provides the standard by which the sufficiency of the allegations set forth in the Complaint is judged: It must contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory.

"Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *citing* 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235–236 (3d ed.2004). To survive a motion to dismiss, a Complaint must allege "non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to

relief." <u>Moss v. U.S. Secret Service</u>, 572 F.3d 962, 969 (9th Cir. 2009). If the "well-pleaded facts" do not allow the court to infer "more than the mere possibility of misconduct," then dismissal under Rule 12(b)(6) is appropriate. <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 679 (2009).

Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." As the Court held in *Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929, the pleading standard Rule 8 announces does not require "detailed factual allegations," but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. *Id.*, at 555, 127 S.Ct. 1955 (citing *Papasan v. Allain*, 478 U.S. 265, 286, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986)). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." 550 U.S., at 555, 127 S.Ct. 1955. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.*, at 557, 127 S.Ct. 1955. <u>Ashcroft v. Iqbal</u> (2009) 556 U.S. 662, 677-78 [129 S.Ct. 1937, 1949, 173 L.Ed.2d 868]

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." Id., at 570, 127 S.Ct. 1955. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Id., at 556, 127 S.Ct. 1955. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Ibid. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of

'entitlement to relief.' " Id., at 557, 127 S.Ct. 1955 (brackets omitted). Ashcroft v. Iqbal (2009) 556 U.S. 662, 678 [129 S.Ct. 1937, 1949, 173 L.Ed.2d 868]

Two working principles underlie the U.S. Supreme Court's decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. Id., at 555, 127 S.Ct. 1955 (Although for the purposes of a motion to dismiss we must take all of the factual allegations in the complaint as true, we "are not bound to accept as true a legal conclusion couched as a factual allegation" (internal quotation marks omitted)). Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. Id., at 556, 127 S.Ct. 1955. Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. 490 F.3d, at 157–158. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not "show[n]"—"that the pleader is entitled to relief." Fed. Rule Civ. Proc. 8(a)(2). *Ashcroft v. Iqbal* (2009) 556 U.S. 662, 678-79 [129 S.Ct. 1937, 1949-50, 173 L.Ed.2d 868]

In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not

entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.  *Ashcroft v. Iqbal* (2009) 556 U.S. 662, 679 [129 S.Ct. 1937, 1950, 173 L.Ed.2d 868]

### A.    PLAINTIFF'S COMPLAINT SHOULD BE DISMISSED

FRCP 9 is applicable to this adversary proceeding pursuant to FRBP 7009. "Federal Rule of Civil Procedure 9(b) requires a pleader of fraud to detail with particularity the time, place, and manner of each act of fraud, plus the role of *each* defendant in each scheme." *Lancaster Community Hosp. v. Antelope Valley Hosp. Dist.*, 940 F.2d 397, 405 (9th Cir. 1991).

In summation, Plaintiff's Complaint, once again, makes conclusionary and irrelevant allegations that the Debtor and his partners in the Corporations undercapitalized the entities, making the entities financially unable to respond to a money judgment. The Complaint further tells a story that the Plaintiff invested in a few business ventures that went bad like many other small business ventures. The allegations in the Second Amended Complaint are virtually identical to the First Amended Complaint but only phrased differently with no difference in substance of the allegations.

The Second Amended Adversary Complaint is nothing but mere framework of legal conclusion allegations without actual and specific acts by the Debtor himself that was in fact fraudulent.

**NOTICE OF MOTION AND MOTION TO DISMISS SECOND AMENDED ADVERSARY COMPLAINT**

Furthermore, in accordance with *Ashcroft*, a bare assertion that the Defendant, "did not have the know-how to produce coins", or "Defendant did not have the right connections in Dubai", or that "Plaintiff never saw the dies, sculpts or molds of the coins," does not suffice to state a viable claims.  Plaintiff's assertions of the above are accordingly a legal assertion that is not entitled to the presumption of truth.   In the same way that, "The Funds Plaintiff invested into the Companies were not being used solely for the purpose of creating, manufacturing and marketing the coins herein described" ; [Second Amended Complaint, Page 7, Lines 21-23], are also conclusory assertions that merely track the elements of Plaintiff's claims.  These legal conclusions are therefore also not entitled to the presumption of truth.

Therefore, Plaintiff's allegations in the Second Amended Complaint do not contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face, and therefore the Second Amended Complaint should be dismissed.

### III.

### CONCLUSION

Just as in *Iqbal, 129 S. Ct. at 1949-1951*, and *Twombly, 550 U.S. at 566, 567-568, 570*, Plainitff has not pled facts that nudge his claims across the line from conceivable to plausible. For that reason, he has not provided this court a basis upon which to draw the reasonable inference that the Defendant is liable for the misconduct he has alleged. Accordingly, the Defendant's motions to dismiss Plaintiff's Second Amended Complaint for failure to state a claim should be granted without a further leave to amend.

1
2  Dated: September 28, 2014					**NASS LAW FIRM**
3
4							By: _____
							Edmond Nassirzadeh, Esq.
5							Attorney for Debtor and Defendant
							PETER PEDROM ETESAMNIA
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**NOTICE OF MOTION AND MOTION TO DISMISS SECOND AMENDED ADVERSARY COMPLAINT**

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

**9454 Wilshire Boulevard**
**Suite 700**
**Beverly Hills, CA 90212**

A true and correct copy of the foregoing document described as **NOTICE OF MOTION AND MOTION TO DISMISS SECOND AMENDED ADVERSARY COMPLAINT** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

**I. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** - Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On **September 28, 2014**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

Bruce G Landau    bgl26@aol.com
Jason M Rund (TR)    trustee@srlawyers.com, jrund@ecf.epiqsystems.com
United States Trustee (LA)    ustpregion16.la.ecf@usdoj.gov
A David Youssefyeh    david@adylaw.com

☐ Service information continued on attached page

**II. SERVED BY U.S. MAIL OR OVERNIGHT MAIL** (indicate method for each person or entity served):
On **September 28, 2014**, I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be</u> completed no later than 24 hours after the document is filed.

**Honorable Thomas B. Donovan**
**United States Bankruptcy Court - Central District of California**
**Edward R. Roybal Federal Building and Courthouse**
**255 E. Temple Street, Suite 1352 / Courtroom 1345**
**Los Angeles, CA 90012**

☐ Service information continued on attached page

III. SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on ____, I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| September 28, 2014 | Edmond Nassirzadeh Esq. | /s/ signature |
|---|---|---|
| *Date* | *Type Name* | *Signature* |

11

**NOTICE OF MOTION AND MOTION TO DISMISS SECOND AMENDED ADVERSARY COMPLAINT**