A. David Youssefyeh (185994)
Liza Youssefyeh (192945)
A|D|Y Law Group, P.C.
1925 Century Park East, Suite 1380
Los Angeles, California  90067
Telephone:    (310) 772-2872
Facsimile:    (310) 772-0020

Attorneys for Plaintiff,
KOUROSH MALEKAN

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re<br><br>    PETER PEDRAM ETESAMNIA<br><br>    Defendant.<br>_____<br><br>KOUROSH MALEKAN, an individual,<br><br>    Plaintiff,<br><br>    v.<br><br>PETER PEDRAM ETESAMNIA, an individual.<br><br><br>    Defendant.<br>_____ | Adv. No. 2:13-ap-01695-TD<br><br>Case No.  2:12-bk-43661-TD<br><br>Chapter: 7<br><br>**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS PLAINTFF'S SECOND AMENDED ADVERSARY COMPLAINT; DECLARATION OF A. DAVID YOUSSEFYEH**<br><br><u>Hearing</u><br>**Date:** November 12, 2014<br>**Time:** 10:00 a.m.<br>**Courtroom:** 1345 |

# TABLE OF CONTENTS

INTRODUCTION ................................................................................................. 1

PROCEDURAL HISTORY ................................................................................ 3

LEGAL ARGUMENT ......................................................................................... 4

    A.    PLAINTIFF'S COMPLAINT SUFFICIENTLY STATES A CLAIM ................. 4

    1.    The Legal Standard In General .................................................... 4

    2.    The Legal Standard For Alleging Fraud ...................................... 4

    3.    Plaintiff Has Sufficiently Met These Standards ......................... 5

    B.    PLAINTIFF HAS SUFFICIENTLY STATED HIS CLAIMS UNDER 11 U.S.C
        SECTIONS 523a(2)(A), 523a(2)(B), 523a(3)(B); AND 523a(6) ................... 6

    C.    LEAVE TO AMEND SHOULD BE GRANTED ........................................... 10

CONCLUSION ................................................................................................. 10

PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

SECOND AMENDED ADVERSARY COMPLAINT

**INTRODUCTION**

Plaintiff respectfully submits Defendant's Motion to Dismiss should be denied, and in the interest of justice, he should be allowed to proceed with this case on the merits.

This case involves Defendant's fraudulent misrepresentations to Plaintiff, during a period of more than two years, at personal meetings, at restaurants and their respective residences, to get Plaintiff to lend money to Defendant and also "invest" in phantom businesses.  Specifically, Defendant used certain "projects" as a front to get Plaintiff to loan to, and invest with, him and/or entities he was running, and in doing so, among other things, he misrepresented the amount of funds actually needed, he misrepresented the "profitability" of the projects, he misrepresented the "status" of the projects, and he misrepresented his ability, knowledge and contacts in rolling out these alleged "projects." Instead, Defendant took Plaintiff's moneys and invested them in other ventures (including paying rent for his other businesses, purchasing antiques and rugs for his other businesses, etc.), used them to buy personal goods, *i.e.* Rolex watches, and used them for personal trips.  To the extent he used any of Plaintiff's funds towards other "projects," he converted the end results for his own use – *i.e.* for any dies or sculpts he caused to be made, or purchased silver, for making coins – he took them for himself personally and/or sold them for his own personal gain – all the while leading Plaintiff on with false reports and updates as Plaintiff was taking care of his father dying from cancer.

This is not a case of an investment gone bad – this is a case of Defendant's false representations to make Plaintiff part with his money for loans and "business ventures" that were nothing more than fronts. Defendant's actions were not just fraudulent, but also willful and malicious. Further, when Defendant filed for bankruptcy, he failed to list Plaintiff as a claimant, thereby depriving him of notice.

At this juncture of the case, Defendant has Answered the State Court Complaint without contesting the sufficiency of the allegations, and the parties are now proceeding with discovery.  *See* Exhibit 1 to Declaration of David Youssefyeh ("DY Decl.").  Further, Plaintiff's Motion for Good Faith Settlement on his $100,000 settlement with the co-

Defendants of Defendant was just approved by the State Court, and as part of the settlement, Plaintiff obtained additional documents and facts which have bearing on the claims against Defendant; for example, Plaintiff has learned Defendant improperly used Plaintiff's moneys that he obtained through fraud towards the payment of an investment property in Arizona, as well as other entities, including one called International Mint. *See* Exhibit 2 to DY Decl.  Significantly, none of these funds and properties which Defendant held was accounted for in his bankruptcy filings.  To the extent the Second Amended Complaint may not be deemed sufficient, Plaintiff respectfully seeks leave to amend to include the additional facts it is in the process of unearthing.

Plaintiff further respectfully requests that alternatively, the Court stay this Adversary Action pursuant to the Court's July 22, 2013 Order that:

> Movant may proceed in the non-bankruptcy forum to final judgment (including any appeals) in accordance with applicable nonbankruptcy law, notwithstanding the automatic stay or the Defendant's discharge.  The dischargeability status of the claims of Movant against the Defendant will be decided at a later time by the bankruptcy court **following final judgment on the underlying state court case**, pursuant to Movant's non-dischargeability complaint filed against Defendant on or about July 17, 2013.[1]  Said nondischargeability complaint will be temporarily stayed by this Court pursuant to separate order in that proceeding, **pending final judgment in the state court action**.

*See* Exhibit 3 to DY Decl. (emphasis added).

Plaintiff has been damaged from Defendant's fraudulent actions, and simply seeks the opportunity to resolve the State Court action on the merits, while requesting the Court stay the Adversary Action pursuant to the Court's Order.

---

[1] On August 8, 2013, Defendant filed an Answer to the Adversary Action, and later, on March 10, 2014, the Court denied Defendant's Motion to Dismiss the Adversary Complaint. *See* Exhibits 4 and 5 to DY Decl.

## **PROCEDURAL HISTORY**

Plaintiff's current State Court Action is progressing to discovery, and Plaintiff's Motion for Good Faith Settlement for his settlement of $100,000 with Defendant Etesamnia's co-Defendants was just granted.  Exhibit 2.

At the hearing on Plaintiff's Motion for Relief From the Automatic Stay with respect to the State Court Action, significantly, on July 22, 2013, this Court ordered that:

> Movant may proceed in the non-bankruptcy forum to final judgment (including any appeals) in accordance with applicable nonbankruptcy law, notwithstanding the automatic stay or the Defendant's discharge.  The dischargeability status of the claims of Movant against the Defendant will be decided at a later time by the bankruptcy court **following final judgment on the underlying state court case**, pursuant to Movant's non-dischargeability complaint filed against Defendant on or about July 17, 2013.[2]  Said nondischargeability complaint will be temporarily stayed by this Court pursuant to separate order in that proceeding, **pending final judgment in the state court action**.

*See* Exhibit 3 to DY Decl. (emphasis added).

In response, on August 20, 2013, Defendant filed an Answer in the State Court action, and did not dispute the sufficiency of the Complaint.  Exhibit 1 to DY Decl.  Further, on October 8, 2013, Defendant also filed an Answer to the Adversary Complaint.  Exhibit 4 to DY Decl.  Although the Adversary Case was stayed pursuant to the Court's Order, nevertheless, Defendant proceeded to file a Motion to Dismiss, which the Court denied on March 10, 2014.  Exhibit 5 to DY Decl.

---

[2] On August 8, 2013, Defendant filed an Answer to the Adversary Action, and later, on March 10, 2014, the Court denied Defendant's Motion to Dismiss the Adversary Complaint. *See* Exhibits 4 and 5 to DY Decl.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## LEGAL ARGUMENT

### A.   PLAINTIFF'S COMPLAINT SUFFICIENTLY STATES A CLAIM

#### 1.      The Legal Standard In General

In considering whether to dismiss a case for failure to state a claim, the issue before the Court is not whether the claimant will ultimately prevail, but whether the claimant is entitled to offer evidence to support the claims asserted. *Gilligan v. Jamco Dev. Corp.*, 108 F. 3d 246, 249 (9th Cir.1997) (granting of dismissal reversed). When evaluating a Rule 12(b)(6) motion, the Court must accept all material allegations in the complaint as true and construe them in the light most favorable to the non-moving party. *Moyo v. Gomez*, 32 F.3d 1382, 1384 (9th Cir.1994) (granting of dismissal reversed); *Barnes v. Yahoo!, Inc.*, 570 F.3d 1096, 1098 n.1 (9th Cir. 2009) (granting of dismissal reversed); *Sanders v. Kennedy,* 794 F. 2d 478, 481 (9th Cir.1986) (granting of dismissal reversed)*; Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 596 (8th Cir. 2009) ("The district court correctly noted that none of these allegations directly addresses the process by which the Plan was managed. It is reasonable, however, to infer from what is alleged that the process was flawed;" the court "fail[ed] to draw reasonable inferences in favor of the nonmoving party as is required.").

#### 2.      The Legal Standard For Alleging Fraud

A plaintiff alleging fraud must "state with particularity the circumstances constituting fraud or mistake." Fed.R.Civ.P. 9(b). Thus, a pleading "is sufficient under Rule 9(b) if it identifies 'the circumstances constituting fraud so that the defendant can prepare an adequate answer from the allegations.'" *Gottreich v. San Francisco Investment Corp.*, 552 F.2d 866, 866 (9th Cir.1977) (fraud sufficiently pled); SKEDKO, *supra*.

Although a plaintiff must allege the "the time, place and content of the false misrepresentation(s), the fact(s) misrepresented and what was obtained or given up as a consequence of the fraud," the heightened pleading standard of Rule 9(b) may be "relaxed" where the "circumstances of the alleged fraud are peculiarly within the defendant's knowledge or control." *See e.g. Peskoff v. Faber*, 230 F.R.D. 25, 30 (D.D.C. 2005) (emphasis added). Where a plaintiff alleges some fraudulent conduct and some non-

– 4 –

fraudulent conduct, the Rule 9(b) standard applies only to the allegations of fraudulent

conduct. **Moreover, allegations of knowledge of falsity and intent to induce reliance**

**may be alleged generally**. *Cheapskate Charlie's LLC v. Louisiana-Pac. Corp.*, 13-CV-

05888-JCS, 2014 WL 2880426 (N.D. Cal. June 24, 2014) (fraud sufficiently pled). The

intent to defraud may be inferred from a defendant's statements and conduct. *United States*

*v. Peters*, 962 F.2d 1410, 1414 (9th Cir.1992). Finally, in alleging fraud, statements of the

"time, place and nature of the alleged fraudulent activities" do suffice; **Rule 9(b) does not**

**require that the plaintiff plead matters best left to discovery or trial**. *Fed. Sav. & Loan*

*Ins. Corp. v. Musacchio*, 695 F. Supp. 1053, 1058 (N.D. Cal. 1988)

### 3.    Plaintiff Has Sufficiently Met These Standards

Here, in the Complaint, Plaintiff has stated the who, what, when, and where, and the

extent of damages caused by Defendant.[3] Plaintiff's claims are not, as Defendant alleges,

simply that Defendant and his partners undercapitalized some entities, making them unable

to respond to a money judgment, or that Plaintiff invested in business ventures gone wrong

(Opposition, p. 8, l. 14-19) – but that Defendant made affirmative misrepresentations to

Plaintiff, on which Plaintiff relied upon, to get him to give him money (as loans and

investments for "projects" that did not exist in reality), and then, turned around and

pocketed those moneys for personal use, such as other business ventures, a property in

Arizona, antique rugs and a Rolex watch, among other things. Significantly, Defendant had

not disclosed these assets in his bankruptcy proceedings.

The Complaint has allegations spelling out the misrepresentations made by

Defendant Etesamnia (as opposed to other parties included in the State Court Action);

confirming Etesamnia falsely showed Plaintiff coin samples to make him believe there was

---

[3] Since, as of the filing of the Adversary Action, the State Court case with Jalinous Nehouray and the other defendants had not yet been resolved, Plaintiff had no choice but to mention their names in the Adversary Action (so as not to prejudice his State Court action). As such, to the extent this case is not stayed and leave to amend is granted, Plaintiff can now withdraw the alter ego and other superfluous allegations. Further, in light of the settlement, Plaintiff has become aware of other parties who worked with Defendant Etesamnia, whom Plaintiff seeks to Doe into the State Court Complaint.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

progress on the phantom "projects" to get Plaintiff to get him more money; and that he showed Plaintiff financial statements and other documents he prepared to specify the alleged amounts needed and the profitability of the "phantom" projects.  Since Defendant himself prepared, and showed Plaintiff these documents, he already has notice of their content. *Gottreich, supra,* 552 F.2d 866, 866 (9th Cir.1977) (heightened pleading standard of Rule 9(b) may be "relaxed" where "circumstances of the alleged fraud are peculiarly within the defendant's knowledge or are readily obtainable by him.").

Significantly, if the purpose of the particularity is to give sufficient notice to allow Defendant to respond to the Complaint, here, Defendant clearly had sufficient notice to respond as he: 1) filed an Answer in the State Court Action, and 2) had already filed an Answer in this Adversary Action. *See* Exhibit 4; *Gottreich* at 866 (pleading "is sufficient under Rule 9(b) if it identifies 'the circumstances constituting fraud so that the defendant can prepare an adequate answer from the allegations.'"); *Fed. Sav. & Loan Ins. Corp. v. Musacchio*, 695 F. Supp. 1053, 1058 (N.D. Cal. 1988)

**B.    PLAINTIFF HAS SUFFICIENTLY STATED HIS CLAIMS UNDER 11 U.S.C SECTIONS 523a(2)(A), 523a(2)(B), 523a(3)(B); AND 523a(6)**

Plaintiff's claims arise out of Section 523a(2)(A) and (B), for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by false pretenses, a false representation, or actual fraud, other than a statement respecting the Defendant's or an insider's financial condition; as well as use of a statement in writing, that is materially false; respecting the Defendant's or an insider's financial condition; on which the creditor to whom the Defendant is liable for such money, property, services, or credit reasonably relied; and that the Defendant caused to be made or published with intent to deceive.  Further, Plaintiff's claims arise out of Sections 523a(3)(B) (failure to list claimant) and (6) (willful and malicious injury by the Defendant). With respect to a fraud claim, as stated by the Supreme Court *Field v. Mans*, 516 U.S. 59, 61 (1995):

The Bankruptcy Code's provisions for discharge stop short of certain debts resulting from "false pretenses, a false representation, or actual fraud." 11 U.S.C. § 523(a)(2)(A). In this case we consider the level of a creditor's reliance on a

– 6 –

fraudulent misrepresentation necessary to place a debt thus beyond release. While the Court of Appeals followed a rule requiring reasonable reliance on the statement, we hold the standard to be the less demanding one of justifiable reliance and accordingly vacate and remand.

With respect to Defendant's use of corporations to commit fraud and injury, the Court in *In re Porter*, Bankr. L. Rep. P 75846 (C.C.H.), 1994 WL 16797185, held:

> A Defendant can be personally liable for damages resulting from fraudulent misrepresentations committed on behalf of a corporation, which cause of action is independent of any breach of contract claim that the plaintiffs may have against the corporation. A corporate officer is not insulated from personal liability for tortious conduct which causes injury to another merely because the act was committed within the scope of the officer's employment. The fact that the Defendant did not personally receive any money is irrelevant in establishing liability for damages arising from a willful injury. The complaint sought a determination that the debt was nondischargeable based on fraud, and sufficient facts were alleged in the complaint to defeat the Defendant's motion for dismissal for failure to state a claim. *See* Sec. 523(a)(2), (a)(4) and (a)(6)

There, relying on California law, the Court found:

> The general rule is that corporate officers or agents are personally liable for those torts which they personally commit, or which they inspire or participate in, even though performed in the name of an artificial body. *Fletcher v. Western Nat. Life Ins. Co.,* 10 Cal. App. 3d 376 (1970) …" and "to make an officer or corporation liable for the negligence of the corporation there must have been upon his part such a breach of duty as contributed to, or helped to bring about, the injury; he must have been a participant in the wrongful act.

*In re Porter, supra (*emphasis added) (in denying a Motion to Dismiss).

Here, due to Defendant's false representations, Plaintiff gave him the funds requested.  As explained above, the Complaint sets forth the place, time, misrepresentations, Plaintiff's reliance thereon, Defendant's intent to defraud Plaintiff to take his money, and Plaintiff's damages. *See* Second Amended Complaint.  Plaintiff reasonably relied on Defendant's statement of the financial need and profitability of these phantom "projects" – orally and in writing – which were used to induce Plaintiff to "invest" with and loan money to him. Defendant's acts were made even more willful, malicious and egregious since Defendant knew that while he was engaged in defrauding Plaintiff, Plaintiff was the sole caretaker of not just his cancer ridden father, but also Plaintiff's cancer ridden brother.

– 7 –

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

With respect to Section 523a(3), Defendant admits in his Motion that Plaintiff was not "listed nor scheduled" to allow Plaintiff to file a proof of claim. In this instance, although Defendant knew of Plaintiff's claims and demands, he continued to ignore them, while filing for bankruptcy without Plaintiff's knowledge. This Court found this as well when it determined at the July 18, 2013 hearing that "Movant never had notice of this bankruptcy case until very late in the game, and based on the statute, has the right now to bring this claim for the reason that Movant had inadequate notice to bring the claim on a timely basis with the confines of the normal rules, with respect to nonsdischargeablitily."

Defendant's reliance on *Lancaster Cmty. Hosp. v. Antelope Valley Hosp. Dist.*, 940 F. 2d 397, 405 (9th Cir. 1991) is misplaced as the case is inapposite to this case. There, the case involved mail fraud, and among other things, plaintiff could not establish the "mail" was used for the fraudulent activities since the packages at issue were "hand delivered." Here, Plaintiff's allegations are sufficiently pled. For example, the Court in *California Pharmacy Mgmt., LLC v. Zenith Ins. Co.*, 669 F. Supp. 2d 1152 (C.D. Cal. 2009), found:

> As an initial matter, the Court recognizes that the SAC's allegations are narrow as to the precipitating conduct but expansive as to the manner in which Defendants effectuated their alleged fraud. In relevant part, CPM alleges that Defendants, in conjunction with other insurers and claims administrators, devised a "preplanned scheme to defraud CPM and destroy it and its physicians in-office medication dispensing program." SAC ¶ 29. The SAC's allegations as to the "lulling" conduct that accompanied this preplanned scheme do not, in fact, provide the specific time and date of such acts of fraud. However, Defendants neglect to acknowledge that the SAC alleges fraudulent conduct in objecting to over 800 bills and liens for medications, as well as the numerous overlapping correspondence concerning such bills and liens. *See id.* The SAC does, in sufficient detail, provide the content of the "lulling" communications, including, but not limited to, Defendants' alleged representation that their objections were "business-as-usual" and that Defendants intended to "resolv[e] the objections in good faith." *Id.* Moreover, the Court reads the SAC as alleging that the misrepresentations were fraudulent both individually and in the aggregate and CPM specifies that the alleged fraudulent acts occurred within one year of the filing of the SAC. *Id.* …. As previously mentioned, the SAC discusses Defendants' claims to be negotiating with CPM in good faith, their alleged misrepresentation as to the nature of their objections, and, ultimately, the specific amounts they offered to settle CPM's claims. *See* SAC ¶¶ 28–29**. While the SAC does not provide factual specificity as to the time and place of the over 800 alleged objections lodged by Defendants, none of Defendants' cited**

– 8 –

**authorities suggest that such a disclosure would be necessary to survive a
Rule 9(b) inquiry. Indeed, as Moore notes, <u>Defendants, as the alleged authors
of the communications in question, are well aware of their time and place</u>.**
CPM has alleged that Defendants misrepresented their intent and capability over a
one year time period leading up to the filing of the SAC. Accordingly, the Court finds
that the SAC's allegations are sufficiently particular so as to satisfy Plaintiff's Rule
9(b) obligations.

*California Pharmacy* at 1159-1160.

Plaintiff respectfully submits his allegations are not "bare assertions," as Defendant

claims, but rather, taken in totality, show the nature of misrepresentations and scheme to

deprive Plaintiff of his money, not for legitimate business expenses, but rather for

Defendant's own personal use and benefit, including down payment towards a property in

Arizona, Rolex watch, and other business ventures.  Moreover, as a basis for his Motion,

Defendant improperly parses out 5-6 sentences out of the Complaint, and fails to consider

the Complaint as a whole. *See Braden v. Wal-Mart Stores, Inc.,* 588 F.3d 585, 596 (8th Cir.

2009) (complaint should be read as whole, not parsed piece by piece, to determine whether

each allegation, in isolation, is plausible).  Plaintiff also respectfully submits *Ashcroft v.*

*Iqbal* (2009) 556 U.S. 662 is inapposite to the case at hand, as in that case, the Court held

"Even if the complaint's well-pleaded facts gave rise to a plausible inference that Iqbal's

arrest was the result of unconstitutional discrimination, that inference alone would not

entitle him to relief: His claims against petitioners rest solely on their ostensible policy of

holding detainees categorized as "of high interest," but the complaint does not contain facts

plausibly showing that their policy was based on discriminatory factors."  *Id.* at 663-64.

There, the Court found the allegations of discriminatory acts would be "bare allegations"

since, in essence, those acts are part of a policy re holding detainees of "high interest" with

respect to their terrorist actions – rather than "discrimination." *Id.* Using that focal point,

however, the Court did state that determining whether a complaint states a plausible claim

is context-specific, requiring the reviewing court to draw on its experience and common

sense. *Id.* In this instance, Plaintiff respectfully requests the Court consider the context of

Defendant's misrepresentations, and the fact that there was not a single viable proof the

money he gave to Defendant was used as it was represented or intended.  Accordingly,

PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS
SECOND AMENDED ADVERSARY COMPLAINT

Plaintiff respectfully requests the Court deny Defendant's Motion, or alternatively, stay this action until the State Court case is completed, pursuant to the Court's own Order.

## C.    LEAVE TO AMEND SHOULD BE GRANTED

Plaintiff respectfully submits that to the extent there is any basis for granting Defendant's Motion, Plaintiff be given the opportunity to amend to correct any defect, particularly since subsequent to the settlement in the State Court action, he has obtained, and is parsing through, further information relevant to his claims against Defendant. *See e.g. Moyo v. Gomez*, 32 F. 3d 1382, 1386 amended (9th Cir. 1994) ("Under the circumstances we do not think our liberal amendment rules permit the forfeiture of the possible claim that Moyo may possess, without affording him an opportunity to amend his complaint so as to attempt to state that claim"). *Id.; Schneider v. California DOC*, 151 F. 3d 1194, 1196 (9th Cir. 1998) (dismissal without leave to amend reversed, and is "improper unless it is clear the complaint could not be saved by any amendment.").

## CONCLUSION

Plaintiff respectfully submits he has sufficiently alleged his claims pursuant to 11 U.S.C. Sections 523a(2)(A), 523a(2)(B), 523a(3)(B); and 523a(6), and requests the Court deny Defendant's Motion to Dismiss, and/or alternatively, allow for leave to amend to allow Plaintiff to include the new information gathered by Plaintiff post-settlement, and/or stay the Adversary Proceeding, pursuant to the Court's own July 22, 2013 Order until the State Court case is determined on the merits.

DATED: October 29, 2014                              Respectfully submitted,

A|D|Y Law Group, P.C.

By:_____/s/_____

A. David Youssefyeh

Attorneys for Creditor and Plaintiff,
KOUROSH MALEKAN

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## DECLARATION OF A. DAVID YOUSSEFYEH

I, A. David Youssefyeh, hereby declare:

1.    I am a shareholder at ADY Law Group, P.C., counsel for Plaintiff Kourosh Malekan. The matters stated herein are known to me personally, and if asked, I could and would testify to same.

2.    At this juncture of the case, Defendant has Answered the State Court Complaint arising out of the same facts without contesting the sufficiency of the allegations, and the parties are now proceeding with discovery.  Attached hereto as Exhibit 1 is a true and correct copy of Defendant's State Court Answer.

3.    Plaintiff's Motion for Good Faith Settlement on his $100,000 settlement with the co-Defendants of Defendant was just approved by the State Court, and as part of the settlement, Plaintiff obtained and is obtaining additional documents and facts which have bearing on the claims against Defendant; for example, Plaintiff has learned Defendant improperly used Plaintiff's moneys that he obtained through fraud towards the payment of an investment property in Arizona, as well as other entities, including one called International Mint. Attached hereto as Exhibit 2 is a true and correct copy of the Court's Order re Settlement.

4.    Significantly, upon reviewing Defendant's list of assets in conjunction with his bankruptcy filing, none of these funds and properties which Defendant held was accounted for in his bankruptcy filings.

5.    On July 22, 2013, the Court issued an Order that "Movant may proceed in the non-bankruptcy forum to final judgment (including any appeals) in accordance with applicable nonbankruptcy law, notwithstanding the automatic stay or the Defendant's discharge.  The dischargeability status of the claims of Movant against the Defendant will be decided at a later time by the bankruptcy court following final judgment on the underlying state court case, pursuant to Movant's non-dischargeability complaint filed against Defendant on or about July 17, 2013. Said nondischargeability complaint will be temporarily stayed by this Court pursuant to separate order in that proceeding, pending final judgment in the state

PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS
SECOND AMENDED ADVERSARY COMPLAINT

court action." Attached hereto as Exhibit 3 is a true and correct copy of this Court's Order.

6.      On October 8, 2013, Defendant filed an Answer to the Adversary Complaint. Attached hereto as Exhibit 4 is a true and correct copy of Defendant's Answer.

7.      Although the Adversary Case was stayed pursuant to the Court's Order, nevertheless, Defendant proceeded to file a Motion to Dismiss, which the Court denied on March 10, 2014.  Attached hereto as Exhibit 5 is a true and correct copy of this Court's Order.

        I declare under the penalty of perjury of the laws of the United States of California, the foregoing is true and correct.  Executed on 29th of October, 2014, in Los Angeles, California.


                                        _____/s/_____

                                        A.  David Youssefyeh

PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS
SECOND AMENDED ADVERSARY COMPLAINT

# Exhibit 1

CONFORMED COPY
OF ORIGINAL FILED
Los Angeles Superior Court

AUG 20 2013

John A. Clarke, Executive Officer/Clerk

By **N. VALLES**
_____
                    DEPUTY

1  Bruce G. Landau, Esq. (SBN 71588)
   LANDAU & LANDAU
2  8306 Wilshire Boulevard, Suite 1803
   Beverly Hills, CA  90211
3  (310) 838-1507 Phone
   (310) 838-1365 Fax
4
   Attorney for Defendant PETER ETESAMNIA
5

6

7

8

9            SUPERIOR COURT OF THE STATE OF CALIFORNIA

10              COUNTY OF LOS ANGELES, WEST DISTRICT

11
   KOUROSH MALEKAN, an individual,        )  Case No.: SC 118749
12                                          )
        Plaintiff,                          )  [ Case Assigned to the Honorable Allan J.
13                                          )  Goodman, Department P]
        vs.                                 )
14                                          )
   PETER ETESAMNIA aka PEDRAM              )
15 ETESAMNIA, an individual; JALINOUS      )
   NEHOURAY, an individual; EMPIRE        )  **DEFENDANT PETER ETESAMNIA'S**
16 GLOBAL MINT, INC., a California         )  **ANSWER TO COMPLAINT**
   corporation; PARS MINT, INC., a California )
17 corporation; DEMETRIUS NAVARRO, an     )
   Individual; D STREET FILMS, LLC, a      )
18 California limited liability company; and )
   DOES 1-10,                              )  Complaint filed 5/20/2013
19                                          )
        Defendants.                         )
20                                          )
                                            )
21 _____)

22

23      Defendant PETER ETESAMNIA for himself, and for no other defendant, hereby answers

24 the Complaint by KOUROSH MALEKAN as follows:

25                         **GENERAL DENIAL**

26      Pursuant to the provisions of Code of Civil Procedure Section 431.30 the answering

27 Defendant denies each and every allegation of the Complaint, generally and specifically, and

28

                                    1
_____
          DEFENDANT PETER ETESAMNIA'S ANSWER TO COMPLAINT

Defendant further denies that Plaintiff has been or will be damaged in any amount or at all, because of any act, error or omission on the part of Defendant.

## AFFIRMATIVE DEFENSES

Without admitting any facts alleged in the Complaint, and without admitting he has the burden of production or proof with respect to any such defense, Defendant also pleads the following separate and affirmative defenses to the Complaint:

### FIRST AFFIRMATIVE DEFENSE TO ALL CAUSES OF ACTION

1.  The Complaint fails to state sufficient facts to constitute a cause of action against this answering Defendant.

### SECOND AFFIRMATIVE DEFENSE TO ALL CAUSES OF ACTION

2.  Defendant alleges that he acted in good faith and did not directly or indirectly perform any acts or fail to perform any acts whatsoever which would constitute a violation of duty or breach of duty, if any, owed to Plaintiff by Defendant sounding in either contract or tort.

### THIRD AFFIRMATIVE DEFENSE TO ALL CAUSES OF ACTION

3.  Any duty or obligation, contractual or otherwise, that Plaintiff claims is owed to him by Defendant has been fully performed, satisfied and/or discharged.

### FOURTH AFFIRMATIVE DEFENSE TO ALL CAUSES OF ACTION

4.  Plaintiff's Complaint is so vague, ambiguous, unintelligible, uncertain and indefinite that Defendant is unable to understand the full nature and character of the allegations and Defendant is thereby prejudiced in ascertaining all defenses that may be available to them.

### FIFTH AFFIRMATIVE DEFENSE TO ALL CAUSES OF ACTION

5.  To the extent discovery will disclose information unknown to Defendant at the time of the alleged incident Plaintiff is barred by the after-acquired evidence doctrine.

### SIXTH AFFIRMATIVE DEFENSE TO ALL CAUSES OF ACTION

6.  Plaintiff's claims are barred by Plaintiff's own conduct which prevented or excused Defendant's performance of obligations alleged in the Complaint.

DEFENDANT PETER ETESAMNIA'S ANSWER TO COMPLAINT

## SEVENTH AFFIRMATIVE DEFENSE TO ALL CAUSES OF ACTION

7. Plaintiff's Complaint fails to set forth any facts that would entitle Plaintiff to an award of attorney's fees for any cause of action contained therein.

## EIGHTH AFFIRMATIVE DEFENSE TO ALL CAUSES OF ACTION

8. Plaintiff's claims are barred because any obligation Defendant may have had was extinguished or satisfied by performance.

## NINTH AFFIRMATIVE DEFENSE TO ALL CAUSES OF ACTION

9. Defendant claims the right to set-off against Plaintiff's claim, in whole or in part.

## TENTH AFFIRMATIVE DEFENSE TO ALL CAUSES OF ACTION

10. If any injury, damage or loss alleged in the Complaint was suffered or sustained, said loss, damage and injury was proximately caused and contributed to by persons other than this answering Defendant, including, but not limited to, Doe Defendants. The liability of all defendants and responsible parties, named or unnamed, should be apportioned according to their relative degrees of fault, and the liability of this answering Defendant should be reduced accordingly.

## ELEVENTH AFFIRMATIVE DEFENSE TO ALL CAUSES OF ACTION

11. Plaintiff's claims are barred, in whole or in part, because Plaintiff failed to name, serve and join all indispensable parties to this action.

## TWELFTH AFFIRMATIVE DEFENSE TO ALL CAUSES OF ACTION

12. Plaintiff's recovery would constitute an unjust enrichment.

## THIRTEENTH AFFIRMATIVE DEFENSE TO ALL CAUSES OF ACTION

13. Defendant alleges he was privileged in his action or inaction so as to bar recovery in this matter.

## FOURTEENTH AFFIRMATIVE DEFENSE TO ALL CAUSES OF ACTION

14. The Complaint is barred because Defendant's conduct was justified.

## FIFTEENTH AFFIRMATIVE DEFENSE TO ALL CAUSES OF ACTION

15. Plaintiff's claims are barred as he wrongfully repudiated and breached the contract that is the subject of his causes of action.

---

3

### SIXTEENTH AFFIRMATIVE DEFENSE TO ALL CAUSES OF ACTION

16. This answering Defendant asserts that he did not materially do anything or fail to do anything that caused any conduct, injury or damage alleged in the Complaint.

### SEVENTEENTH AFFIRMATIVE DEFENSE TO ALL CAUSES OF ACTION

17. If Plaintiff suffered or sustained any loss, damage or injury as alleged in the Complaint, such loss, damage or injury was proximately caused and contributed to by Plaintiff and/or Plaintiff's authorized agents in failing to conduct themselves in a manner ordinarily expected of a reasonably prudent person in the conduct of his affairs and person. Plaintiff is therefore barred entirely from recovery against Defendants.

### EIGHTEENTH AFFIRMATIVE DEFENSE TO ALL CAUSES OF ACTION

18. Plaintiff's Complaint is barred, in whole or in part, as the Defendant was not provided a reasonable opportunity to cure the complained of breach, if any.

### NINETEENTH AFFIRMATIVE DEFENSE TO ALL CAUSES OF ACTION

19. All conduct and activity of Defendant alleged in the Complaint was done in good faith and conformed to all laws and government regulations based upon the state of knowledge that existed at the relevant times.

### TWENTIETH AFFIRMATIVE DEFENSE TO ALL CAUSES OF ACTION

20. The Complaint, and each cause of action contained therein, is barred by virtue of the failure of a condition precedent or subsequent to the performance of Defendant under any agreement.

### TWENTY-FIRST AFFIRMATIVE DEFENSE TO ALL CAUSES OF ACTION

21. Defendant did not engage in any prohibited act.

### TWENTY-SECOND AFFIRMATIVE DEFENSE TO ALL CAUSES OF ACTION

22. If Plaintiff suffered or sustained any loss, injury or damage as alleged in the Complaint, such loss, injury or damage was caused by the wrongful conduct of others, which constitutes an intervening and superseding cause so as to preclude any recovery against Defendant.

///

4

**TWENTY-THIRD AFFIRMATIVE DEFENSE TO ALL CAUSES OF ACTION**

23. Defendant alleges that any action or inaction by Defendants was excused.

**TWENTY-FOURTH AFFIRMATIVE DEFENSE TO ALL CAUSES OF ACTION**

24. All or portions of Plaintiff's claims are barred by the applicable statutes of limitations.

**TWENTY-FIFTH AFFIRMATIVE DEFENSE TO ALL CAUSES OF ACTION**

25. Any recovery on Plaintiff's Complaint, or any purported cause of action alleged therein,

is barred in whole or in part by Plaintiff's own contributory and/or comparative fault.

**TWENTY-SIXTH AFFIRMATIVE DEFENSE TO ALL CAUSES OF ACTION**

26. Plaintiff's claims are barred in whole or in part by the doctrine of unclean hands.

**TWENTY-SEVENTH AFFIRMATIVE DEFENSE TO ALL CAUSES OF ACTION**

27. The Complaint is barred by the doctrine of laches in that the Plaintiff inexcusably and

unreasonably delayed providing notice of any purported wrongful conduct at-issue as

well as filed the Complaint without providing notice to Defendant of what wrongful

conduct is purportedly at-issue, all to the prejudice of Defendant.

**TWENTY-EIGHTH AFFIRMATIVE DEFENSE TO ALL CAUSES OF ACTION**

28. Plaintiff's claims are barred in whole or in part by the doctrine of waiver.

**TWENTY-NINTH AFFIRMATIVE DEFENSE TO ALL CAUSES OF ACTION**

29. Plaintiff's claims are barred in whole or in part by the doctrine of estoppel.

**THIRTIETH AFFIRMATIVE DEFENSE TO ALL CAUSES OF ACTION**

30. Plaintiff failed to exercise reasonable diligence to mitigate his damages, and any damages

to which Plaintiff might be entitled must be reduced or denied accordingly.

**THIRTY-FIRST AFFIRMATIVE DEFENSE TO ALL CAUSES OF ACTION**

31. The Complaint does not describe the claims or facts alleged with sufficient particularity

to permit Defendant to ascertain what other defenses may exist. Defendant will rely on

any and all further defenses that become available or appear during discovery in this

action and specifically Defendant reserves the right to amend this Answer for purposes of

asserting such additional affirmative defenses.

///

DEFENDANT PETER ETESAMNIA'S ANSWER TO COMPLAINT

**THIRTY-SECOND AFFIRMATIVE DEFENSE TO ALL CAUSES OF ACTION**

32. Plaintiff has suffered no recoverable damages as a result of the matters alleged in the
Complaint.

**THIRTY-THIRD AFFIRMATIVE DEFENSE TO ALL CAUSES OF ACTION**

33. Plaintiff's claims are barred in whole or in part by virtue of the fact that any conduct by
Defendant was consented to or ratified by Plaintiff.

**THIRTY-FOURTH AFFIRMATIVE DEFENSE TO ALL CAUSES OF ACTION**

34. The actions alleged in the complaint, if and to the extent they occurred, were taken in
good faith and were a lawful exercise of sound discretion and Defendant's legal rights.

**THIRTY-FIFTH AFFIRMATIVE DEFENSE TO ALL CAUSES OF ACTION**

35. Plaintiff's claims alleged in the complaint are barred by the Statute of Frauds.

**THIRTY-SIXTH AFFIRMATIVE DEFENSE TO ALL CAUSES OF ACTION**

36. Defendant alleges that he may have additional defenses that cannot be articulated due to
Plaintiff's failure to particularize his claims and due to Plaintiff's failure to provide more
specific information concerning the nature of the claims. Defendant therefore reserves the
right to assert additional defenses upon further particularization of Plaintiff's claims,
upon examination of any documents provided, upon discovery of further information
concerning the alleged damage claims and claims for costs, and upon the development of
other pertinent information.

WHEREFORE, Defendant prays for judgment as follows:

1. That Plaintiff take nothing by his Complaint;

2. That Defendant be awarded attorneys' fees and costs incurred in the defense of this action;
and

3. For such other and further relief as the Court deems just and proper.

DATED: August 16, 2013                    LANDAU & LANDAU


By: _____
                    Bruce G. Landau
Attorneys for Defendant PETER
ETESAMNIA

6

## PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the COUNTY of LOS ANGELES, STATE of CALIFORNIA.  I am over the age of 18 and not a party to the within action; my business address is Landau & Landau, 8306 Wilshire Boulevard, #1803, Beverly Hills, California 90211.

On August 16, 2013, I served the foregoing document(s) described as **DEFENDANT PETER ETESAMNIA'S ANSWER TO COMPLAINT** in this action by placing a true copy thereof enclosed in a sealed envelope addressed as follows:

| Attorney for Plaintiff: | |
|---|---|
| David Youssefyeh, Esq. | |
| Liza Youssefyeh, Esq. | |
| ADY Law Group, P.C. | |
| 1925 Century Park East, Suite 1380 | |
| Los Angeles, CA 90067 | |

[XX]  **BY MAIL:**  I am readily familiar with my firm's or other business' practice for the collection and processing of correspondence for mailing with the United States Postal Service.  In the ordinary course of business, correspondence would be deposited with the United States Postal Service that same day.  I placed true copies of the above-entitled document in envelopes addressed as shown above and sealed and placed them for collection and mailing on the date stated above, following ordinary business practices.

[ ]  **BY PERSONAL SERVICE:**  I caused such envelopes to be delivered by hand to the addressee(s) above.

[ ]  **BY FEDERAL EXPRESS:**  I caused said envelope(s) to be sent by Federal Express to the addressee(s) on the attached service list.

[ ]  **BY TELECOPIER:**  In addition to the above service by mail, hand delivery, or Federal Express, I caused said document(s) to be transmitted by telecopier at approximately _____ a.m./p.m. to the addressee(s) on the attached service list as marked with a ^^^.

[xx]  (State) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on August 16, 2013 at Los Angeles, California.

NICOLE M. RIESGO

# Exhibit 2

1   Navid Yadegar, SBN 205315
    YADEGAR, MINOOFAR & SOLEYMANI LLP
2   1875 Century Park East, Suite 1240
    Los Angeles, CA  90067-3206
3   Telephone:    (310) 499-0140
    Facsimile:     (888) 667-9576

4   *Attorneys for Defendants*
    *JALINOUS NEHOURAY, PARS MINT, INC.*
5   *and EMPIRE GLOBAL MINT, INC.*

6

7

8                   **SUPERIOR COURT FOR THE STATE OF CALIFORNIA**

9                   **COUNTY OF LOS ANGELES – WESTERN DISTRICT**

10  KOUROSH MALEKAN, AN INDIVIDUAL,

11        PLAINTIFF,                          **CASE NO.** SC118749

12        VS.                                 [Honorable Allan J. Goodman; Dept. P]

13  PETER ETESAMNIA AKA PEDRAM               **NOTICE OF RULING REGARDING THE**
    ETESAMNIA, AN INDIVIDUAL;                **SETTLING PARTIES' MOTION TO**
14  JALINOUS NEHOURAY, AN                    **DETERMINE GOOD FAITH OF THEIR**
    INDIVIDUAL; EMPIRE GLOBAL MINT,          **SETTLEMENT WITH PLAINTIFF**
15  INC., A CALIFORNIA CORPORATION;
    PARS MINT, INC., A CALIFORNIA            **DATE:  OCTOBER 23, 2014**
16  CORPORATION; DEMETRIUS NAVARRO,          **TIME:  8:30 A.M.**
    AN INDIVIDUAL; D STREET FILMS, LLC,      **DEPT.  I**
17  A CALIFORNIA LIMITED LIABILITY
    COMPANY; AND DOES 1-10,
18
          DEFENDANTS.
19

20

21

22

23

24

25

26

27

28

─────────────────────────────────────────────────────────────
              **NOTICE OF RULING RE MOTION FOR GOOD FAITH SETTLEMENT**

1    TO ALL PARTIES AND THEIR COUNSEL FO RECORD:

2    PLEASE TAKE NOTICE that on October 23, 2014 at 8:30 a.m., in the above-referenced

3    court, before the Honorable H. Chester Horn, Jr., Department I, the Motion to Determine Good

4    Faith of Settlement by Plaintiff and Defendants, Jalinous Nehouray, Pars Mint, Inc., and Empire

5    Global Mint, Inc., came before the Court for a hearing.  After considering the moving papers, the

6    opposing papers and the reply papers, the Court issued a tentative decision, a true and correct copy

7    of which is attached hereto as Exhibit 1.  All Parties submitted on the Court's tentative ruling.

8    The Court entered the Minute Order, adopting the tentative and granting the Motion, as set forth in

9    Exhibit 1.

10

11   DATED:   October 23, 2014              YADEGAR, MINOOFAR & SOLEYMANI LLP

12

13                                         By:_____
                                              Navid Yadegar
14                                         Attorneys for Jalinous Nehouray, Pars Mint, Inc., and
                                           Empire Global Mint, Inc.

15

16

17

18

19

20

21

22

23

24

25

26

27

28

NOTICE OF RULING RE MOTION FOR GOOD FAITH SETTLEMENT

# Exhibit 3

| Attorney or Party Name, Address, Telephone & FAX Nos, State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| Joseph E. Caceres, Esq. (SBN 169164)<br>Charles Shamash, Esq. (SBN 178110)<br>Caceres & Shamash, LLP<br>8200 Wilshire Boulevard, Suite 400<br>Beverly Hills, California 90211<br>Telephone: (310) 205-3400<br>Facsimile: (310) 878-8308<br>Email: jec@locs.com<br><br>☐ *Individual appearing without counsel*<br>☒ Attorney for:  KOUROSH MALEKAN | **FILED & ENTERED**<br><br>JUL 22 2013<br><br>CLERK U.S. BANKRUPTCY COURT<br>Central District of California<br>BY toliver    DEPUTY CLERK |

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| In re:<br><br>PETER PEDROM ETESAMNIA,<br><br><br><br><br><br><br><br>Debtor(s). | CHAPTER: 7<br><br>CASE NO.: 2:12-bk-43661-TD<br><br><br>DATE:    July 18, 2013<br>TIME:    10:00 a.m.<br>CTRM:    1345<br>FLOOR:   13th |
|---|---|

## ORDER GRANTING MOTION FOR RELIEF FROM THE AUTOMATIC STAY
## UNDER 11 U.S.C. § 362 (Action in Non-bankruptcy Forum)
## (MOVANT:   KOUROSH MALEKAN            )

1.  The Motion was: ☒ Contested   ☐ Uncontested   ☐ Settled by stipulation

2.  The Motion affects the following non-bankruptcy case or administrative proceeding:

> Case name:  *Kourosh Malekan vs. Peter Etesamnia aka Pedram Etesamnia, et. al.*

> Docket number:  *SC118749*

> Court or agency where pending:  *L.A. Superior Court, West District*

3.  The Motion is granted under:   ☒ 11 U.S.C. § 362(d)(1)   ☐ 11 U.S.C. § 362(d)(2)

4.  As to Movant, its successors, transferees and assigns ("Movant"), the stay of 11 U.S.C. § 362(a) is:
> a.  ☒ Terminated as to Debtor(s) and Debtor's(s') estate.
> b.  ☒ Annulled retroactively to the date of the bankruptcy petition filing.
> c.  ☐ Modified or conditioned as set forth in Exhibit _____ to this Order.

---

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*February 2013*                                Page 1                                **F 4001-1O.NA**

5.  Movant may proceed in the non-bankruptcy forum to final judgment (including any appeals) in accordance with applicable non-bankruptcy law, notwithstanding the automatic stay or the debtor's discharge.  The dischargeability status of the claims of Movant against the Debtor will be decided at a later time by the bankruptcy court following final judgment on the underlying state court case, pursuant to Movant's non-dischargeability complaint filed against debtor on or about July 17, 2013.   Said non-dischargeability complaint will be temporarily stayed by this Court pursuant to separate order in that proceeding, pending final judgment in the state court action.

6.  **Limitations on Enforcement of Judgment:** Movant is permitted to enforce its final judgment only by *(specify all that apply)*:
    a.  ☐ Collecting upon any available insurance in accordance with applicable non-bankruptcy law.
    b.  ☐ Proceeding against the Debtor(s) as to NON-estate property or earnings.

7.  This Court further orders as follows:
    a.  ☒ This Order shall be binding and effective despite any conversion of this bankruptcy case to a case under any other chapter of Title 11 of the United States Code.
    b.  ☒ The 14-day stay provided by Bankruptcy Rule 4001(a)(3) is waived.
    c.  ☐ The provisions set forth in the Extraordinary Relief Attachment shall also apply *(attach Optional Form F 4001-1O.ER)*.
    d.  ☐ See attached continuation page for additional provisions.

                                           ###

Date: July 22, 2013                        *Thomas B. Donovan*
                                           Thomas B. Donovan
                                           United States Bankruptcy Judge

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

February 2013                        Page 2                        F 4001-1O.NA

# NOTICE OF ENTERED ORDER AND SERVICE LIST

Notice is given by the court that a judgment or order entitled: **ORDER GRANTING MOTION FOR RELIEF FROM THE AUTOMATIC STAY UNDER 11 U.S.C. § 362 (Action in Non-bankruptcy Forum)** was entered on the date indicated as "Entered" on the first page of this judgment or order and will be served in the manner stated below:

1. **SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF):** Pursuant to controlling General Orders and LBRs, the foregoing document was served on the following persons by the court via NEF and hyperlink to the judgment or order. As of (date) **07/18/13** , the following persons are currently on the Electronic Mail Notice List for this bankruptcy case or adversary proceeding to receive NEF transmission at the email addresses stated below.

- Joseph Caceres    jec@locs.com, generalbox@locs.com
- Edmond Nassirzadeh    ed@nasslawfirm.com, ecfbestcase@gmail.com
- Jason M Rund (TR)    trustee@srlawyers.com, jrund@ecf.epiqsystems.com
- United States Trustee (LA)    ustpregion16.la.ecf@usdoj.gov
- A David Youssefyeh    david@adylaw.com

☐ Service information continued on attached page

2. **SERVED BY THE COURT VIA UNITED STATES MAIL:** A copy of this notice and a true copy of this judgment or order was sent by United States mail, first class, postage prepaid, to the following persons and/or entities at the addresses stated below:

**Debtor:**
Peter Pedrom Etesamnia
9726 Mel Dar Avenue
Downey, CA 90240

☐ Service information continued on attached page

3. **TO BE SERVED BY THE LODGING PARTY:** Within 72 hours after receipt of a copy of this judgment or order which bears an "Entered" stamp, the party lodging the judgment or order will serve a complete copy bearing an "Entered" stamp by United States mail, overnight mail, facsimile transmission or email and file a proof of service of the entered order on the following persons and/or entities at the addresses, facsimile transmission numbers, and/or email addresses stated below:

☐ Service information continued on attached page

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

February 2013    Page 3    F 4001-1O.NA

# Exhibit 4

1  Edmond Nassirzadeh, Esq.   SBN 201833
2  **NASS LAW FIRM**
   9454 Wilshire Blvd., Suite 700
3  Beverly Hills, California 90212
   Tel: 310-858-7755
4  Fax: (310) 858-2255
5  ed@nasslawfirm.com

6
   Attorney for Debtor and Defendant,
7  PETER PEDROM ETESAMNIA

8

9              **UNITED STATES BANKRUPTCY COURT**

10             **CENTRAL DISTRICT OF CALIFORNIA**

11             **LOS ANGELES DIVISION**

12

13

14  In re                              )      Bankruptcy Case No.: 2:12-bk-43661-TD
                                        )
15      PETER PEDROM ETESAMNIA,         )      Adversary Case No.: 2:13-ap-01695-TD
                                        )
16          Debtor                      )
                                        )      **DEFENDANT PETER P.**
17  _____ )        **ETESAMNIA'S ANSWER TO**
    KOUROSH MALEKAN,                    )      **ADVERSARY COMPLAINT**
18                                      )
            Plaintiff,                  )
19                                      )
                                        )
20      vs.                             )
                                        )
21  PETER PEDROM ETESAMNIA              )
                                        )
22                                      )
            Defendant.                  )
23                                      )
                                        )
24                                      )
                                        )
25  _____ )

26          **COMES NOW,** Defendant  PETER PEDROM ETESAMNIA (hereinafter referred to as

27  "Debtor" and/or "Defendant"),  by and through his attorney of record, answers the

28  Complaint filed herein by Plaintiff as follows::

                                        1

    DEFENDANT PETER P. ETESAMNIA'S ANSWER TO ADVERSARY COMPLAINT

1.      Responding to Paragraph 1 of the Complaint, the Defendant Admits that the Court has jurisdiction to hear this matter.

2.      Responding to Paragraph 2 of the Complaint, the Defendant Admits that Court has personal jurisdiction over the Defendant.

3.      Responding to Paragraph 3 of the Complaint, the Defendant Admits that the Venue is proper in this District.

4.      Responding to Paragraph 4 of the Complaint, the Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

5.      Responding to Paragraph 5 of the Complaint, the Defendant Admits that his is an individual residing in the County of Los Angeles, State of California.

6.      Responding to Paragraph 6 of the Complaint, the Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

7.      Responding to Paragraph 7 of the Complaint, the Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

8.      Responding to Paragraph 8 of the Complaint, the Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

9.      Responding to Paragraph 9 of the Complaint, the Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

2

DEFENDANT PETER P. ETESAMNIA'S ANSWER TO ADVERSARY COMPLAINT

10.     Responding to Paragraph 10 of the Complaint, the Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

11.     Responding to Paragraph 11 of the Complaint, the Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

12.     Responding to Paragraph 12 of the Complaint, the Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

13.     Responding to Paragraph 13 of the Complaint, the Defendant Admits the facts stated within said paragraph of the Complaint.

14.     Responding to Paragraph 4 of the Complaint, the Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

15.     Responding to Paragraph 15 of the Complaint, the Defendant Admits that Plaintiff was not listed as a creditor of Defendant in the original schedules that Defendant filed with the Court, but Denies that Plaintiff was not aware of the Bankruptcy Petition.

16.     Responding to Paragraph 16 of the Complaint, the Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

17.     Responding to Paragraph 17 of the Complaint, the Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations

3

**DEFENDANT PETER P. ETESAMNIA'S ANSWER TO ADVERSARY COMPLAINT**

contained in said paragraph, and on that basis denies each and every allegation contained therein.

18.    Responding to Paragraph 18 of the Complaint, the Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

19.    Responding to Paragraph 19 of the Complaint, the Defendant Denies the facts stated within said paragraph of the Complaint.

20.    Responding to Paragraph 20 of the Complaint, the Defendant Denies the facts stated within said paragraph of the Complaint.

21.    Responding to Paragraph 21 of the Complaint, the Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

22.    Responding to Paragraph 22 of the Complaint, the Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

23.    Responding to Paragraph 23 of the Complaint, the Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

24.    Responding to Paragraph 24 of the Complaint, the Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

25.    Responding to Paragraph 25 of the Complaint, the Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations

DEFENDANT PETER P. ETESAMNIA'S ANSWER TO ADVERSARY COMPLAINT

contained in said paragraph, and on that basis denies each and every allegation contained therein.

26.    Responding to Paragraph 27 of the Complaint, the Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

27.    Responding to Paragraph 27 of the Complaint, the Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

28.    Responding to Paragraph 28 of the Complaint, the Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

29.    Responding to Paragraph 29 of the Complaint, the Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

30.    Responding to Paragraph 30 of the Complaint, the Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

31.    Responding to Paragraph 31 of the Complaint, the Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

32.    Responding to Paragraph 32 of the Complaint, the Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations

5

DEFENDANT PETER P. ETESAMNIA'S ANSWER TO ADVERSARY COMPLAINT

contained in said paragraph, and on that basis denies each and every allegation contained therein.

33.     Responding to Paragraph 33 of the Complaint, the Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

34.     Responding to Paragraph 34 of the Complaint, the Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

35.     Responding to Paragraph 35 of the Complaint, the Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

36.     Responding to Paragraph 36 of the Complaint, the Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

37.     Responding to Paragraph 37 of the Complaint, the Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

38.     Responding to Paragraph 38 of the Complaint, the Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

39.     Responding to Paragraph 39 of the Complaint, the Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations

DEFENDANT PETER P. ETESAMNIA'S ANSWER TO ADVERSARY COMPLAINT

contained in said paragraph, and on that basis denies each and every allegation contained therein.

40.    Responding to Paragraph 40 of the Complaint, the Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

41.    Responding to Paragraph 41 of the Complaint, the Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

42.    Responding to Paragraph 18 of the Complaint, the Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

43.    Responding to Paragraph 43 of the Complaint, the Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

44.    Responding to Paragraph 44 of the Complaint, the Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

45.    Responding to Paragraph 45 of the Complaint, the Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

46.    Responding to Paragraph 46 of the Complaint, the Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations

DEFENDANT PETER P. ETESAMNIA'S ANSWER TO ADVERSARY COMPLAINT

contained in said paragraph, and on that basis denies each and every allegation contained therein.

47.    Responding to Paragraph 47 of the Complaint, the Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

48.    Responding to Paragraph 48 of the Complaint, the Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

49.    Responding to Paragraph 49 of the Complaint, the Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

50.    Responding to Paragraph 50 of the Complaint, the Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

51.    Responding to Paragraph 51 of the Complaint, the Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

52.    Responding to Paragraph 52 of the Complaint, the Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

53.    Responding to Paragraph 53 of the Complaint, the Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations

8

DEFENDANT PETER P. ETESAMNIA'S ANSWER TO ADVERSARY COMPLAINT

contained in said paragraph, and on that basis denies each and every allegation contained therein.

54.    Responding to Paragraph 54 of the Complaint, the Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

55.    Responding to Paragraph 55 of the Complaint, the Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

56.    Responding to Paragraph 56 of the Complaint, the Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

57.    Responding to Paragraph 57 of the Complaint, the Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

58.    Responding to Paragraph 58 of the Complaint, the Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

59.    Responding to Paragraph 59 of the Complaint, the Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

60.    Responding to Paragraph 60 of the Complaint, the Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations

9

DEFENDANT PETER P. ETESAMNIA'S ANSWER TO ADVERSARY COMPLAINT

contained in said paragraph, and on that basis denies each and every allegation contained therein.

61.     Responding to Paragraph 61 of the Complaint, the Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

62.     Responding to Paragraph 62 of the Complaint, the Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

63.     Responding to Paragraph 63 of the Complaint, the Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

64.     Responding to Paragraph 64 of the Complaint, the Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

65.     Responding to Paragraph 65 of the Complaint, the Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

(Failure to State a Claim)

1.     Plaintiff fails to allege sufficient facts to state any cause of action for which relief can be granted.

DEFENDANT PETER P. ETESAMNIA'S ANSWER TO ADVERSARY COMPLAINT

1

## SECOND AFFIRMATIVE DEFENSE

2

### (Unjust Enrichment)

3       2.      Plaintiff would be unjustly enriched if allowed to recover on its Complaint

4   since there is no money due and owing to Plaintiff by Defendant.

5

6

## THIRD AFFIRMATIVE DEFENSE

7

### (Waiver)

8       3.      Plaintiff has waived any and all claims, rights and demands made by Plaintiff

9   in the Complaint due to Plaintiff's failure to timely file such claims.

10

11

## FOURTH AFFIRMATIVE DEFENSE

12

### (Offset/Setoff)

13      4.      Defendant is entitled to an offset of the claims set forth in the Complaint

14

15  sufficient to diminish or defeat Plaintiff's recovery thereunder, due to monies owed to

16  Defendant by Plaintiff.

17

## FIFTH AFFIRMATIVE DEFENSE

18

### (Statute of Frauds)

19

20      5.      Defendant alleges that the Contract alleged in the Complaint is invalid because

21  it is not in writing, nor is there any note or memorandum of it, subscribed by Defendant.

22

## SIXTH AFFIRMATIVE DEFENSE

23

### (Standing)

24

25      6.      Defendant alleges that Plaintiff has no standing to allege the causes of action

26  outlined the Complaint.

27

28

DEFENDANT PETER P. ETESAMNIA'S ANSWER TO ADVERSARY COMPLAINT

## SEVENTH AFFIRMATIVE DEFENSE

### (Recission)

7.     Defendant alleges that Plaintiff and Defendant have rescinded any alleged contract in the Complaint.

## EIGHTH AFFIRMATIVE DEFENSE

### (Lack of Consideration)

8.     The agreement alleged in Plaintiff's Complaint is unenforceable due to the fact that the alleged contract lacks any consideration.

## NINTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

9.     Plaintiff is precluded from any recovery against the Defendant as Plaintiff comes into this action with unclean hands and any alleged damages incurred by him are a result of his wrongful acts and omissions to act.

## TENTH AFFIRMATIVE DEFENSE

### (Proximate Cause)

10.     Any loss, damage or injury allegedly sustained by Plaintiff was actually and proximately caused by the negligence of Plaintiff and/or employees.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Consent)

11.     Defendant alleges Plaintiff's consented, fully and voluntarily, to the alleged acts or omissions of Defendant which constitutes Plaintiff's alleged cause of action. Said consent bars or diminishes any recovery by Plaintiff.

12

DEFENDANT PETER P. ETESAMNIA'S ANSWER TO ADVERSARY COMPLAINT

## TWELFTH AFFIRMATIVE DEFENSE

### (Doctrine of Estoppel)

12.    The purported cause of action set forth in Plaintiff's Complaint is barred by the doctrine of estoppel.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Time Barred)

13.    Plaintiff's Complaint is time barred and should be dismissed as Plaintiff failed to file the Adversary Complaint within the required timeline set by statute and further failed to file a motion to file a late Adversary Complaint.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Reservation of Rights)

14.    Defendant had insufficient knowledge or information on which to form a belief as to whether it may have additional, as yet unstated, affirmative defenses available. Defendant therefore reserves the right to assert additional affirmative defenses in the event discovery indicates that they may be appropriate.

**WHEREFORE**, Defendant requests that:

A.    The Third Amended Complaint be dismissed with prejudice or judgment entered in favor of Defendant;

B.    Plaintiff takes nothing by reason of its Third Amended Complaint herein;

///

///

DEFENDANT PETER P. ETESAMNIA'S ANSWER TO ADVERSARY COMPLAINT

1    C.    This Court award such other relief as may be just and appropriate under the

2    circumstances

3

4    Dated: October 8, 2013                          NASS LAW FIRM

5

6                                                    By: _____

7                                                    Edmond  Nassirzadeh, Esq.
                                                     Attorney for Debtor and Defendant
8                                                    PETER PEDROM ETESAMNIA

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANT PETER P. ETESAMNIA'S ANSWER TO ADVERSARY COMPLAINT

| In re | | CHAPTER 7 |
|-------|-------|-----------|
| **Peter Pedrom Etesamnia** | | Bankruptcy Case Number: **2:12-bk-43661-TD** |
| | Debtor(s). | Adversary Case Number: **2:13-ap-01695-TD** |

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

9454 Wilshire Boulevard
Suite 700
Beverly Hills, CA 90212

A true and correct copy of the foregoing document described as __DEFENDANT PETER P. ETESAMNIA'S ANSWER TO ADVERSARY COMPLAINT__ will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

I.  **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** - Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On _October 8, 2013____, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

Bruce G Landau    bgl26@aol.com
Jason M Rund (TR)    trustee@srlawyers.com, jrund@ecf.epiqsystems.com
United States Trustee (LA)    ustpregion16.la.ecf@usdoj.gov
A David Youssefyeh    david@adylaw.com

☐ Service information continued on attached page

II.  **SERVED BY U.S. MAIL OR OVERNIGHT MAIL** (indicate method for each person or entity served):
On _October 8, 2013_, I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Honorable Thomas B. Donovan
United States Bankruptcy Court - Central District of California
Edward R. Roybal Federal Building and Courthouse
255 E. Temple Street, Suite 1352 / Courtroom 1345
Los Angeles, CA 90012

☐ Service information continued on attached page

III.  **SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on ____, I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| October 8, 2013 | Edmond Nassirzadeh Esq. | _signature_ |
|-----------------|-------------------------|-------------|
| Date | Type Name | Signature |

# Exhibit 5

1 | Edmond Nassirzadeh, Esq.    SBN 201833
2 | **NASS LAW FIRM**
3 | 9454 Wilshire Blvd., Suite 700
    Beverly Hills, California 90212
4 | Tel: 310-858-7755
    Fax: (310) 858-2255
5 | ed@nasslawfirm.com
6 |
    Attorney for Debtor and Defendant,
7 | PETER PEDROM ETESAMNIA
8 |
9 |              UNITED STATES BANKRUPTCY COURT
10 |              CENTRAL DISTRICT OF CALIFORNIA
11 |                    LOS ANGELES DIVISION
12 |
13 |
14 | In re                          )   Bankruptcy Case No.: 2:12-bk-43661-TD
                                    )
15 | PETER PEDROM ETESAMNIA,        )   Adversary Case No.: 2:13-ap-01695-TD
                                    )
16 |          Debtor               )   **ORDER DENYING MOTION TO**
                                    )   **DISMISS**
17 | _____)
    KOUROSH MALEKAN,                )
18 |                                )
              Plaintiff,            )   Hearing Date:
19 |                                )   Date:  September 19, 2013
20 |      vs.                       )   Time:  11:00 a.m.
                                    )   Courtroom:  1345
21 | PETER PEDROM ETESAMNIA         )   255 E. Temple Street
                                    )   Los Angeles,  California 90012
22 |          Defendant.            )
                                    )
23 |                                )
                                    )
24 | _____)
25 |
26 |      ///
27 |
28 |      ///

                                    1

ORDER DENYING MOTION TO DISMISS

**FILED & ENTERED**

MAR 10 2014

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY toliver    DEPUTY CLERK

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

The Court having considered Defendant's Motion to Dismiss Adversary Complaint, orders as follows.

IT IS HEREBY ORDERED:

1.    Defendant's Motion to Dismiss Adversary Complaint  is DENIED;

### 

Date: March 10, 2014

Thomas B. Donovan
United States Bankruptcy Judge

2

ORDER DENYING MOTION TO DISMISS

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

 1925 Century Park East, Suite 1380, Los Angeles, CA  90067

A true and correct copy of the foregoing document entitled (*specify*): Opposition to Motion to Dismiss
Second Amended Complaint
_____
_____
will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) 10/29/2014 , I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

 Edmond Nassirzadeh - ed@nasslawfirm.com; Bruce Landau - BLG26@aol.com; Jason M Rund -
 trustee@srlawyers.com, jrund@ecf.epiqsystems.com; United States Trustee (LA) - ustpregion16.la.ecf@usdoj.gov

☐ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On (*date*) _____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) 10/29/2014 , I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

 Honorable Thomas B. Donovan - 255 E. Temple Street, Courtroom 1345, Los Angeles, CA 90012

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| | | | |
|---|---|---|---|
| 10/29/2014 | A. David Youssefyeh | | /s/ |
| *Date* | *Printed Name* | | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                                **F 9013-3.1.PROOF.SERVICE**