1  Edmond Nassirzadeh, Esq.    SBN 201833
**NASS LAW FIRM**
2  9454 Wilshire Blvd., Suite 700
3  Beverly Hills, California 90212
Tel: 310-858-7755
4  Fax: (310) 858-2255
5  ed@nasslawfirm.com

6
Attorney for Debtor and Defendant,
7  PETER PEDROM ETESAMNIA

8

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## LOS ANGELES DIVISION

| | |
|---|---|
| In re<br><br>PETER PEDROM ETESAMNIA,<br><br>Debtor<br>_____<br>KOUROSH MALEKAN,<br><br>Plaintiff,<br><br>vs.<br><br>PETER PEDROM ETESAMNIA<br><br>Defendant. | Bankruptcy Case No.: 2:12-bk-43661-TD<br><br>Adversary Case No.: 2:13-ap-01695-TD<br><br>**DEFENDANT PETER P. ETESAMNIA'S REPLY TO PLAINTIFF'S OPPOSITION TO DISMISS SECOND AMENDED ADVERSARY COMPLAINT**<br><br>*[Filed Concurrently with Request for Judicial Notice]*<br><br><u>Hearing Date:</u><br>Date:  November 12 , 2014<br>Time:  10:00 a.m.<br>Courtroom:  1345<br>255 E. Temple Street<br>Los Angeles,  California 90012 |

1

**DEFENDANT PETER P. ETESAMNIA'S REPLY TO PLAINTIFF'S OPPOSITION TO DISMISS SECOND AMENDED ADVERSARY COMPLAINT**

**TO THE HONORABLE THOMAS B. DONOVAN, TO THE PLAINTIFF KOUROSH MALEKAN AND ITS COUNSEL OF RECORD, THE OFFICE OF THE UNITED STATES TRUSTEE, AND TO INTERESTED PARTIES:**

COMES NOW, DEFENDANT PETER P. ETESAMNIA AND REPLIES TO PLAINTIFF'S OPPOSITION TO DISMISS SECOND AMENDED ADVERSARY COMPLAINT AS FOLLOWS:

The United States Supreme Court case of *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), is without a doubt the leading and controlling case with regards to pleading requirements in all federal cases, and as discussed below, despite this Court's specific request, at the last hearing, that an analysis of *Ashcroft* is necessary, Plaintiff has decided not to discuss this case in his opposition and simply discount it by claiming it is inapplicable! (Plaintiff's Opposition, Page 9, Lines 15-16).

Plaintiff is clearly avoiding discussing the pleading requirements outlined in *Ashcroft*, because even after amending his Complaint twice, Plaintiff's allegations in the Second Amended Complaint are still not able to sufficiently allege a plausible claim against Defendant. Plaintiff has written the Court a nice "story" that he wishes this Court to believe as true and plausible without any specify as to time, place, specific representations, action or inactions. Hence, Plaintiff's story does not and cannot amount to a plausible claim.

If the "well-pleaded facts" do not allow the court to infer "more than the mere possibility of misconduct," then dismissal under Rule 12(b)(6) is appropriate. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). Here the Plaintiff has argued and alleged that the businesses or entities that Defendant and his partner were in control of and which Plaintiff invested in, failed due to Defendant's misconduct. However, no specificity is alleged in the Second Amended Complaint as to what this alleged conduct was, where it took place, and how Plaintiff relied on it. Again, Plaintiff's allegations are nothing more than a mere "possibility of misconduct" by Defendant which clearly is not sufficient to get past a Motion to Dismiss.

In fact, Plaintiff himself admits that "Plaintiff can now withdraw the alter ego and other superfluous allegations [in the Second Amended Complaint]" (Plaintiff's Opposition,

Case 2:13-ap-01695-WB    Doc 60    Filed 11/06/14    Entered 11/06/14 22:04:35    Desc
Main Document    Page 3 of 5

Page 5, Footnote 3, line 27).  The reason for this admission by Plaintiff is simple, which is that even Plaintiff is aware of the fact that the allegations in the Second Amended Complaint are simply superfluous and without any substance.

Furthermore, Jalinous Nehouray who was Defendants' partner in the business entities that have failed, has signed a Declaration under penalty of perjury in support of Plaintiff's Motion For Good Faith Settlement which he testifies in pertinent part: "Plaintiff made an investment in Pars Mint, Inc. and Empire Global Mint, Inc., to create, mint and to distribute three specific commemorative coins featuring (1) the characters from the TV show the  Simpsons, (2) Playboy Playmates, and (3) Amir Kabir, an historical Iranian figure." (Declaration of Jalinous Nehouray, Page 8 of Motion for Good Faith Settlement, Lines 11-13) (Request for Judicial Notice, filed concurrently, Exhibits "A".)  ("RFJN") Immediately after entering into the agreement with Plaintiff, Pars Mint and Empire

Nehouray goes on to testify that: "Global Mint began working on these three projects. Among other things, they obtained licenses from Twentieth Century Fox and Playboy to use images from their respective libraries on the coins.  They hired designers to create the images and to design the coins. They hired third parties to create the molds necessary to manufacture the coins. They purchased substantial amounts of precious metals to be used in the manufacturing of the coins. They then minted sample coins for Playboy and fully manufactured all of the coins for Amir Kabir. They created packaging and marketing materials, received orders, and otherwise began to create and distribute the coins," however, "Due to the timing of the investment -- in 2007, just before the world markets fell into the greatest recession since the Great Depression -- these projects were unsuccessful, the monies invested in the three projects were spent, and each project was a resounding failure" and "Because the payments by Plaintiff to the Settling Defendants [Jalinous Nehouray, Pars Mint, Inc., and Empire Global Mint, Inc.] were in the form of an  investment, not a loan, I do not believe that Plaintiff is owed any money." (Declaration of Jalinous Nehouray, Page 8 of Motion for Good Faith Settlement, Lines 14-26) (RFJN, Ex. "A")

**DEFENDANT PETER P. ETESAMNIA'S REPLY TO PLAINTIFF'S OPPOSITION TO DISMISS SECOND AMENDED ADVERSARY COMPLAINT**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Essentially, Defendant's partner confirms that the monies were just an investment into companies or business that failed.

Based on the foregoing and the Motion to Dismiss filed herein, the Defendant respectfully requests that the Court dismiss the Second Amended Complaint without leave to amend.

Dated: November 6, 2014                                                **NASS LAW FIRM**

By: _____
          Edmond  Nassirzadeh, Esq.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

**9454 Wilshire Boulevard**
**Suite 700**
**Beverly Hills, CA 90212**

A true and correct copy of the foregoing document described as __**DEFENDANT PETER P. ETESAMNIA'S REPLY TO PLAINTIFF'S OPPOSITION TO DISMISS SECOND AMENDED ADVERSARY COMPLAINT**__ will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

I.  **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** - Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On __**November 6, 2014**__, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

**Bruce G Landau     bgl26@aol.com**
**Jason M Rund (TR)     trustee@srlawyers.com, jrund@ecf.epiqsystems.com**
**United States Trustee (LA)     ustpregion16.la.ecf@usdoj.gov**
**A David Youssefyeh     david@adylaw.com**

☐ Service information continued on attached page

II.  **SERVED BY U.S. MAIL OR OVERNIGHT MAIL** (indicate method for each person or entity served):
On **November 6, 2014**, I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

**Honorable Thomas B. Donovan**
**United States Bankruptcy Court - Central District of California**
**Edward R. Roybal Federal Building and Courthouse**
**255 E. Temple Street, Suite 1352 / Courtroom 1345**
**Los Angeles, CA 90012**

☐ Service information continued on attached page

III.  SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on         , I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| **November 6, 2014** | **Edmond Nassirzadeh Esq.** | _/s/ Nass_ |
|---|---|---|
| *Date* | *Type Name* | *Signature* |

5

**DEFENDANT PETER P. ETESAMNIA'S REPLY TO PLAINTIFF'S OPPOSITION TO DISMISS SECOND AMENDED ADVERSARY COMPLAINT**