**FILED & ENTERED**

**DEC 30 2014**

**CLERK U.S. BANKRUPTCY COURT**
**Central District of California**
**BY penning  DEPUTY CLERK**

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

### LOS ANGELES DIVISION

| | |
|---|---|
| In re: | CHAPTER 7 |
| Peter Pedrom Etesamnia, | Case No.:  2:12-bk-43661-TD<br>Adv No.:   2:13-ap-01695-TD |
| Debtor. | **ORDER DISMISSING PLAINTIFF'S SECOND AMENDED COMPLAINT WITHOUT LEAVE TO AMEND** |
| Kourosh Malekan, | Date:      November 12, 2014<br>Time:      10:00 a.m.<br>Courtroom:   1345 |
| Plaintiff, | |
| v. | |
| Peter Pedrom Etesamnia, | |
| Defendant. | |

    The Motion of Defendant Peter Pedrom Etesamnia (Defendant) to Dismiss Plaintiff's Second Amended Complaint (SAC) was heard on November 12, 2014, at 11:00 a.m.  Counsel in attendance were Edmond Nassirzadeh, appearing telephonically for the Defendant, and A. David Youssefyeh and Joseph Caceres, appearing in person

-1-

for Plaintiff.  Having considered the parties' papers filed in support of and in opposition to the motion, oral arguments, in this and in prior hearings concerning dismissal with leave to amend prior adversary complaints filed and served herein as well as other pleadings and papers on file herein, the court makes the following findings:

The business dealings between Plaintiff and Defendant involved substantial amounts of money and varied business activities that took place over several years, yet no written agreement between the parties has ever been alleged in any adversary complaint.  In prior hearings the court suggested to Plaintiff's counsel that vaguely described allegations suggested important business transactions that more normally would be accompanied by written business agreements.

By contrast, in Plaintiff's state court complaint, attached to Plaintiff's FAC previously filed herein (but not attached to Plaintiff's SAC herein), Plaintiff asserts that the parties entered into two written agreements at the outset of the events alleged in the SAC as of October 2007.  *See*, FAC, Ex. A, 12:25–13:11; 13:16-27; and 18:4-8.  This inconsistency between Plaintiff's state court action and his bankruptcy action is glaring.  The court infers that Plaintiff's decision not to allege any written agreement in Plaintiff's SAC was intentional, perhaps to de-emphasize possibly material business provisions in the written agreements or to trumpet vague, amorphous and conclusory allegations based on oral exchanges, conclusory thoughts of the Plaintiff, and the Defendant's opinions concerning business negotiations leading to Plaintiff's "investments" or "options."  Plaintiff's decision to omit any written agreement details may have been designed to enhance or amplify rather weak alleged facts or, perhaps, to downplay or to suppress the negative impact of written details that may have negated Plaintiff's claims of allegedly fraudulent transactions referred to in the SAC.

Plaintiff's allegations also lead the court to infer that any such actual written business agreement between the parties might well reveal an actual business arrangement that contradicts Plaintiff's more subjectively arrived at claims as alleged in the SAC.  In the end, the claims of fraud in the SAC based solely on vague, imprecise

oral exchanges raise no more than a vague possibility that any fraud claim might be adequate to survive Defendant's motion.

Plaintiff's SAC contains five separate fraud claims expressed through a curious chronology.  The SAC struggles but fails to meet the requirements of FRCP Rule 8(a)(2), for a "short and plain statement" of his claims showing that he "is entitled to relief" and of FRCP Rule 9(b), that claims of fraud "must state with particularity the circumstances constituting fraud,"  Plaintiff alleges only a few vague oral representations of fact to describe the basis of very substantial claim amounts.  Though Plaintiff acknowledges, again vaguely and without particularity, that some financial documents were given to him or shown to him by Plaintiff, the contents of any written document are not described and no such document is attached.

Pages 2 through 5 of the SAC consist primarily of statements parroting black letter law along with a brief general history of the parties' relationships.  Pages 6 through 14, ending with paragraph 59, contain only vague, conclusory statements asserting Defendant's fraudulent intent along with conclusory references to many of Defendant's opinions rather than actionable fact about the enterprises in question. These pages also contain assertions, often repetitious, of conclusory statements about Plaintiff's perhaps wishful thinking about his expectations of a financial return expected from Defendant's performance concerning ongoing business efforts and work in process.  These pages assert the *possibility* of fraudulent intent or conduct on the part of Defendant but are far too general to satisfy the concept of plausibility, as discussed in *Twombly*, *Iqbal* and, most recently, by the Ninth Circuit in *Landers v. Quality Communications, Inc.,* 2014 WL 5840039 (C.A. 9), Nov. 12, 2014 at pp. 3-4 and 7-8, as well as *In re Daniell*, 2013 WL 5933657 (9th Cir. BAP (Cal.)).

With these shortcomings, the SAC fails to raise any allegation of fact to the level of plausibility but leaves the SAC in the realm of conjecture about wrongdoing by Defendant.  The SAC raises nothing more than the bare *possibility* of fraud.

This analysis of the SAC leads the court to conclude, after Plaintiff has had three

opportunities to plead his case, consistent with the requirements of FRCP Rules 8(a)(2) and 9(b) and the relevant case law, that further opportunities for amendment are not warranted.  The SAC is dismissed without leave to file any further pleadings.

IT IS SO ORDERED.

Date: December 30, 2014

Thomas B. Donovan
United States Bankruptcy Judge