A. David Youssefyeh (185994)
Liza Youssefyeh (192945)
A|D|Y LAW GROUP, P.C.
1925 Century Park East, Suite 1380
Los Angeles, California  90067
Telephone:    (310) 772-2872
Facsimile:    (310) 772-0020

Attorneys for Plaintiff,
KOUROSH MALEKAN

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re | Adv. No. 2:13-ap-01695-WB |
| | Case No.  2:12-bk-43661-TD |
| PETER PEDRAM ETESAMNIA | Chapter: 7 |
| Defendant. | **NOTICE OF MOTION AND MOTION OF PLAINTIFF KOUROSH MALEKAN, FOR AN ORDER APPROVING THE SETTLEMENT BETWEEN KOUROSH MALEKAN AND DEBTOR** |
| KOUROSH MALEKAN, an individual, | |
| Plaintiff, | |
| v. | |
| PETER PEDRAM ETESAMNIA, an individual. | **Hearing** |
| Defendant. | **Date:** November 1, 2016 |
| | **Time:** 2:00 p.m. |
| | **Courtroom:** 1345 |

**TO THE HONORABLE COURT; THE OFFICE OF THE UNITED STATES TRUSTEE; AND ALL OTHER INTERESTED PARTIES:**

**PLEASE TAKE NOTICE** that Kourosh Malekan ("Plaintiff") and Debtor Peter Pedram Etesamnia ("Debtor") will and hereby does move this Court for an order granting their *Motion for an Order Approving Global Settlement Between Kourosh Malekan and the Debtor pursuant to FRBP 7041* ("Motion") as set forth in the *Settlement Agreement and Mutual Release* attached to the Motion as **_Exhibit A_** ("Settlement Agreement").

**PLEASE TAKE FURTHER NOTICE** that, the Motion is based upon 11 U.S.C. ("*Bankruptcy Code*") § 105(a); the Notice of Motion, Motion and Memorandum of Points and Authorities; the Declaration of Kourosh Malekan; all pleadings and records on file herein; all matters which are subject to judicial notice; and all other evidence which may be introduced at or prior to any hearing on this Motion.

**PLEASE TAKE FURTHER NOTICE** that, LBR 9013-1 (f) requires that a formal written response to the Motion be filed no later than 14 days before November 1, 2016; and must be served upon (i) A. David Youssefyeh of A|D|Y Law Group, P.C., at 1925 Century Park East, Suite 1380, Los Angeles, California 90067; (ii) Ed Nassirzadeh, Nass Law Firm, Inc., at 9454 Wilshire Blvd, Suite 700, Beverly Hills, CA 90212; and (iii) the Office of the United States Trustee.

**PLEASE TAKE FURTHER NOTICE** that, in accordance with LBR 5005-2(d), a paper copy of any such opposition (which meets the requirements of LBR 9004-1(a)) must be marked "Judge's Copy" and must be served on the chambers of the Honorable Julia W. Brand, located at the United States Bankruptcy Court located at 55 E. Temple Street, Suite 1382 / Courtroom 1375, Los Angeles, CA 90012, and, if such opposition is filed electronically, the "Judge's Copy" must be accompanied by a copy of the NEF confirming the filing.

**PLEASE TAKE FURTHER NOTICE** that pursuant to LBR 9013-1 (h), the failure to timely file and serve any opposition to the Motion may be deemed by the Court to be

consent to the granting or denial of the relief requested.


**WHEREFORE**, the Plaintiff respectfully request that this Court enter an order:

1.      Approving the Settlement Agreement, and releases contained therein, attached hereto as ***Exhibit A***;

2.      Determining that adequate notice has been provided;

3.      Authorizing the Debtor to execute any and all documents necessary to effectuate the Agreement;

4.      Conditional dismissal of the Adversary Case; and

5.      Granting any other and further relief as may be just and proper.


DATED: September 30, 2016                    Respectfully submitted,

A|D|Y LAW GROUP, P.C.



By:_____/s/_____

A. David Youssefyeh

Attorneys for Creditor and Plaintiff,
KOUROSH MALEKAN

# I. **INTRODUCTORY STATEMENT**

This Motion seeks the approval of the Settlement Agreement [*Exhibit "A"*], pursuant to F.R.B.P. 7041, which is made by and between Plaintiff and Debtor. Plaintiff and Debtor believe the Settlement Agreement is fair and reasonable taking into consideration, among other factors, the probability of success; the expense, inconvenience and delays without consensual resolution.

## A.    **Statement of Relevant Facts**

1.    On October 4, 2012, the Debtor filed a Voluntary Chapter 7 Petition [Case No. 2:12-bk-43661-TD].

2.    On October 16, 2012, Plaintiff, who was unaware of the Chapter 7 Petition, filed an complaint against the Debtor in Los Angeles Superior Court [Case No. SC118749].

3.    Once he became aware of the Chapter 7 Petition, Plaintiff obtained permission from the Bankruptcy Court to proceed against the Debtor in state court but filed this adversary matter in an abundance of caution [Docket No. 19 in Case No. 2:12-bk-43661-TD] .

4.    On July 17, 2013, Plaintiff filed this adversary action, mirroring the allegations in state court. [Docket No. 1].

5.    On September 12, 2014, Plaintiff filed a Second Amended Adversary Complaint with causes of action all arising out of 11 U.S.C. § 543 [Docket No. 49].

6.    On October 23, 2014, Plaintiff settled his claims against Debtor co-defendant in the state court action.

7.    On December 30, 2014, the Court dismissed the Second Amended Adversary Complaint [Docket No. 63].

8.    On November 24, 2015, the dismissal was partially reversed by the BAP [Docket No. 90].

9.    On April 15, 2016, after good faith negotiations between the parties, Plaintiff

and Defendant reached a settlement of the State Court Action [Exhibit A].

## II. <u>SUMMARY OF SETTLEMENT TERMS</u>

**A.    The principle terms of the Settlement Agreement** [1]

1.    The Debtor agrees to enter into a stipulation with Plaintiff providing for judgment against Debtor in the amount of $100,000 and nondischargeability of Plaintiff's claims against Debtor ("Stipulation").

2.    The Stipulation shall not be entered if Debtor provides Plaintiff with $100,000 worth of rugs.

**B.    Mutual Representations, Covenants and Warranties**

The Parties have entered into mutual representations, covenants and warranties as set forth in the Settlement Agreement.

## III. <u>THIS COURT SHOULD APPROVE THE COMPROMISES</u>
## <u>UNDER THE APPLICABLE LEGAL STANDARD</u>

**A.    Standard for Approval of Compromises of Claims**

Approval of the compromise is a "core proceeding" under 28 U.S.C. §§ 157(b)(2)(A) and (O). <u>See</u> <u>Druker v. Greene (In re Carla Leather, Inc.)</u>, 50 B.R. 764, 775 (S.D.N.Y. 1985). FRBP 9019(a) provides that the bankruptcy court may approve a compromise or settlement after notice and hearing.

The approval or rejection of a proposed compromise is within the discretion of the Court and is to be determined by the particular circumstance of each case. <u>*See,*</u> <u>United States of America v. Alaska National Bank of the North (In re Walsh Construction, Inc.)</u>, 669 F.2d 1325, 1328 (9th Cir. 1982). Under FRBP 9019(a), the Bankruptcy Court has "great latitude in approving compromise agreements" proposed by a debtor and may approve a proposed compromise so long as it is fair and equitable. <u>Woodson v. Fireman's Fund</u>

---

[1]  To the extent anything set forth in this Motion is inconsistent with the terms of the Settlement Agreement, the text of the Settlement Agreement will prevail.

Insurance Co. (In re Woodson), 839 F.2d 610, 620 (9th Cir. 1987). The Ninth Circuit has

set forth certain factors relevant to determining whether a settlement is fair and equitable:

> In determining the fairness, reasonableness and adequacy of a proposed
> settlement agreement, the court must consider: (a) the probability of success
> in the litigation; (b) the difficulties, if any, to be encountered in the matter of
> collection; (c) the complexity of the litigation involved, and the expense,
> inconvenience and delay necessarily attending it; (d) the paramount interest
> of creditors and a proper deference to their reasonable views in the premises.

Martin v. Kane (In re A&C Properties), 784 F.2d 1377 (9th Cir. 1986), cert. denied

sub nom., Martin v. Robinson, 479 U.S. 854, 107 S. Ct. 189 (1986).

See also, Lambert v. Flight Transportation (Flight Transportation Corporation,

Securities Litigation), 730 F.2d 1128, 1135 (8th Cir.1984); cert. denied nom, Reavis &

McGrath v. Antinore, 469 U.S. 1207, 105 S.Ct. 169, 84 L.Ed.2d 310 (1985).

Based upon evidence presented, this Court is not required to decide the questions of

law and fact in dispute but, instead, to canvas the issues to see whether the "settlement

falls below the lowest point in a range of reasonableness." Anaconda-Ericsson Inc. (In re

Teletronics Services, Inc.), 762 F.2d 185, 189 (2nd Cir. 1985), quoting, In re W.T. Grant

Company, 699 F.2d 599, 608 (2nd Cir. 1983), cert. denied sub nom, Cosoff v. Rodman,

464 U.S. 822, 104 S.Ct. 89, 78 L.Ed.2d 97 (1983).

When applying the above standards, and "[i]n passing upon the proposed

settlement, the Court must consider the principle that 'law favors compromise.'" In re

Carson, 82 B.R. 847, 853 (Bankr. S.D. Ohio 1994) (citations omitted).

**B.    Application of Criteria to the Facts of the Compromises Set Forth
Herein**

Application of the above-described standards to the compromise before this Court

demonstrates that Plaintiff and the Debtor have established the reasonableness and

fairness of the proposed compromise, and that the Settlement Agreement should therefore

be approved.

1)     The probability of success in the litigation.

In the case, the dispute arises out of a series of transactions whereby Plaintiff lent to/invested with the Debtor hundreds of thousands of dollars. While the Plaintiff believes it will be successful in showing that the money was taken from him with fraudulent intent, the Debtor is confident that he can show that this is a business deal that did not pan out.

The parties recognize that there are no absolutes in litigation. As such, they believe that it is in their best interest to settle this matter, under the terms set forth in the Settlement Agreement.

2)     The difficulties, if any, to be encountered in the matter of collections

Plaintiff realizes that even if he were to prevail at trial he would still have to collect on the judgment and in light of the Debtor's bankruptcy filing there may not be enough assets to cover the entire judgment. As such, he is willing to settle for an amount which he is certain he can obtain rather than spending funds to obtain a judgment which he may not be able to fully collect on.

3)     The complexity of the litigation, and the expense, inconvenience and delay necessarily attending it

The issues that are in dispute are not necessarily complex, but they will be expensive and time consuming to resolve. In particular, the parties anticipate that the ultimate resolution of this matter would cost tens of thousands of dollars in forensic accounting fees as well as depositions of multiple third parties. While the complexity of the litigation may not play as big a role in this element of the analysis, what does pay a big part is the expense and delay to both parties the rejection of this settlement will cause.

4)     The paramount interest of the creditors and the proper deference to their reasonable views.

As discussed above, the resolution of its dispute with the Debtor will allow the Plaintiff to obtain certainty and allow him to move on and concentrate on his day to day

business. For these reasons, the Debtor believes that the proposed settlement is in the best interests of the creditors of this Estate.

**C.     Manner and Form of Notice**

Plaintiff has given notice of this Motion to the Debtor, his Chapter 7 Trustee and the U.S. Trustee's Office pursuant to applicable rules. Local Bankruptcy Rule 9013-1(d) requires at least 21 days' notice, and the Debtor has provided at least 21 days' notice of this Motion.

## IV. <u>THE COURT SHOULD APPROVE THE SETTLEMENT AGREEMENT AND THEREAFTER RETAIN JURISDICTION UNTIL THE EFFECTIVENESS OF THE DISMISSAL ORDER</u>

As explained at the outset of the Motion, as part of the relief requested, the Settling Parties are asking this Court enter an Order that dismisses the Bankruptcy case on a conditional basis, the condition being the filing of a declaration by the Plaintiff, signed off by the Debtor, advising this Court that the Settlement Agreement has been complied with in full.

The Plaintiff is requesting that the Court retain jurisdiction over this matter until the dismissal order becomes effective so that among other things, the Court retains jurisdiction to enter judgment against the Debtor if he does not comply with the terms of the Settlement Agreement.

## V. <u>CONCLUSION</u>

Based upon the foregoing, the Plaintiff respectfully requests that the Court approve the Settlement Agreement as a reasonable resolution to the pending disputes between the Settling Parties and to the case in general. The Debtor further requests that the Court grant the Motion on the grounds that, among others, the Settlement Agreement is in the best interest of the Estate.

**WHEREFORE**, the Plaintiff respectfully requests that this Court enter an order, as follows:

1.      Approving the Settlement Agreement;

2.      Determining that adequate notice has been provided to all interested parties;

3.      Authorizing the Debtor to execute any and all documents necessary to effectuate the Settlement Agreement;

4.      Entering an Order of dismissal of the Bankruptcy Case substantially in the form of Order attached hereto as Exhibit B;

5.      Authorizing the Debtor to execute any and all documents necessary to effectuate the Settlement Agreement; and

6.      Granting such other and further relief as may be just and proper.

DATED: October 1, 2016                    Respectfully submitted,

A|D|Y Law Group, P.C.

By:_____/s/_____

A. David Youssefyeh

Attorneys for Creditor and Plaintiff,
KOUROSH MALEKAN

## DECLARATION OF KOUROSH MALEKAN

I, KOUROSH MALEKAN, declare as follows:

1.      I am the Plaintiff herein. If called to testify, I could and would testify competently concerning the contents of this declaration.  My knowledge of the facts set forth herein is based on my personal knowledge

2.       On April 15, 2016, after two extensive days of mediation, the Debtor and I settled our differences.

3.      Attached hereto as Exhibit A is true and correct copy of the Settlement Agreement.  The terms and conditions of the Settlement Agreement were negotiated in good faith.

4.      The Debtor and I are in the process of reviewing the rugs provided by the Debtor to see if we can reach a valuation.

5.      I believe the Settlement Agreement is fair, reasonable and in the best interest of everyone.


I declare under penalty of perjury, under the laws of the United States of America, that the foregoing is true and correct and that this declaration was executed on October 1, 2016 at Los Angeles, California.


                                                    /s/
                                                    KOUROSH MALEKAN

NOTICE OF MOTION AND MOTION OF PLAINTIFF KOUROSH MALEKAN, FOR AN ORDER APPROVING THE
SETTLEMENT BETWEEN KOUROSH MALEKAN AND DEBTOR

# Exhibit A

## SETTLEMENT AGREEMENT AND MUTUAL RELEASE

This Release and Settlement Agreement (hereinafter "AGREEMENT") is made and entered into by and between PETER ETESAMNIA, an individual (hereinafter "DEFENDANT") and KOUROSH MALEKAN, an individual (hereinafter "PLAINTIFF")

### RECITALS

A.    The parties desire to enter into this AGREEMENT in order to settle all claims, counterclaims, and allegations between and among them relating to the adversary action filed by PLAINTIFF and the state court action filed by PLAINTIFF as described herein.

NOW THEREFORE, in consideration of the mutual covenants set forth herein, and for other good and valuable consideration, the receipt and adequacy of which is hereby acknowledged, and with the intent to be legally bound, the parties hereby agree as follows:

1.    **Settlement of the Action.**    PLAINTIFF filed a complaint with the Superior Court of California on October 16, 2012 bearing case number SC118749 (the "STATE ACTION").  On October 4, 2012 ETESAMNIA filed a bankruptcy petition with the U.S. Bankruptcy Court (the "BANKRUPTCY ACTION").  On July 17, 2013 PLAINTIFF filed a complaint for nondischargeability in the BANKRUPTCY ACTION (hereinafter the "NON DISCHARGEABILTY CLAIM")

a. Whereas, the parties have agreed to resolve the STATE ACTION and NON DISCHARGEABILTY CLAIM, and all claims against ETESAMNIA, the AGREEING PARTIES agree as follows: with Defendant

b. PLAINTIFF shall ~~dismiss with prejudice the NON DISCHARGEABILTY CLAIM~~ enter into a stipulation for entry of judgment in the amount of $100,000, in ~~the~~ ~~[struck out]~~ Bankruptcy Action and stipulate to non-dischargeability of Plaintiff's claims. Plaintiff is not entitled to enter judgment unless terms of this agreement are not met by ~~[struck out]~~ Defendant.

*If terms of this agreement met by Defendant,*

c. PLAINTIFF shall dismiss with prejudice the ~~STATE ACTION~~ *Bankruptcy Action* and the ~~Court shall retain jurisdiction to enforce the terms of this Settlement Agreement~~.

d.



2. **Mutual Release**.    DEFENDANT and PLAINTIFF hereby and forever release, discharge and acquit each and one another and each other's agents, employees, attorneys, servants, successors, subsidiaries, affiliates, heirs, executors, and administrators of and from any and all claims arising out of the STATE ACTION and the NON DISCHARGEABILTY CLAIM.  DEFENDANT and PLAINTIFF expressly release each other, from any and all claims which they may have with regard to the actions referenced above.

3. **Release of Unknown Claims**. DEFENDANT and PLAINTIFF understand and agree that the released claims identified herein are intended to and do include any and all claims of every kind and nature whatsoever, known or unknown, suspected or unsuspected, which each party has or may have or may claim to have against another, and each of them, in any way related to or arising out of the STATE ACTION and the NON DISCHARGEABILTY CLAIM.

3.1    DEFENDANT and PLAINTIFF expressly acknowledge that they are waiving any and all rights they may have, or may claim to have, under Civil Code section 1542, in any way relating to or arising out of the above referenced STATE ACTION and the NON DISCHARGEABILTY CLAIM.  Section 1542 provides as follows:

"A general release does not extend to claims which the creditor

2

does not know or suspect to exist in his favor at the time of

executing the release, which if known to him must have materially

affected his settlement with the debtor."

    3.2    DEFENDANT and PLAINTIFF further acknowledge and agree that

should any party hereinafter discover facts different from or in addition to those which they now

know or believe to be true with respect to the released claims, that in such event, this

AGREEMENT, nevertheless, shall be and remain effective in all respects, notwithstanding any

different or additional facts or the discovery thereof.

    3.3    DEFENDANT and PLAINTIFF understand the above-quoted provisions

of California Civil Code section 1542 and willingly enter into this waiver because it is their

respective intention in executing this AGREEMENT to forever discharge each other from any

and all present and future foreseen and unforeseen causes of action arising in any manner from

the actions described in paragraph 1, with the exception of the settlement obligations described

herein.

    4.    **No Admissions**.    It is expressly understood by the parties, and each of them,

by reason of the consideration hereinabove mentioned, that the parties admit absolutely no

liability of any sort and have made no representations as to any liabilities or obligations and have

made no agreements or promises to do or admit to do any act or thing not otherwise herein set

forth.

    5.    **Binding on Successors and Assigns**.    This AGREEMENT shall bind and

inure to the benefit of all successors, assigns, and heirs of the parties hereto.

5a.  Attorneys Fees and Costs. The prevailing party in any action to enforce terms of this agreement shall be entitled to his attorneys' fees and costs, for the enforcement of this ~~Agreement action~~ only.

6.    **Authority to Execute This Agreement**.  The parties hereto each warrant that no other party or entity has or had any interest in the claims, demands, causes of action, obligations, damages or liabilities described herein, and that they have not sold, assigned, transferred, conveyed or otherwise disposed of any claim, demand, cause of action, obligation, damage or liability covered herein.

7.    **Validity.**    If any provision of the AGREEMENT is held by a court of competent jurisdiction to be invalid, void or unenforceable, the remaining provisions shall, nevertheless, continue in full force and effect without being impaired or invalidated in any way.

8.    **Sole and Only Agreement.**    Except as stated above, this AGREEMENT supersedes any and all other agreements, either oral or in writing, between the parties hereto with respect to the matters set forth herein and contains all of the covenants and agreements between the parties regarding said matters.  Each party to this AGREEMENT acknowledges that no representations, inducements, promises or agreements, orally or in writing, have been made by any party or anyone acting on behalf of any party, which are not embodied in this AGREEMENT and no other agreement, statement or promise shall be valid or binding.

9.    **Amendment.**  No change, amendment, or modification of this AGREEMENT shall be valid unless the same be in writing and signed by all parties hereto.

10.    **Governing Law.**    This AGREEMENT shall be construed and governed pursuant to the laws of the State of California.

11.    **No Effect on Terms and Conditions of AGREEMENT.**  The release of claims as set forth herein shall have no application to the terms and conditions, promises, representations and warranties set forth in this AGREEMENT.  Either party hereto shall have

4

full legal and equitable right to bring whatever action it deems appropriate as a result of the other parties' breach of any terms, conditions, representations or warranty as set forth in this AGREEMENT.

12.   **Captions.**   Titles or captions contained in this AGREEMENT, are inserted only as a matter of convenience and for reference, and in no way define, limit, extend or describe the scope of the Agreement or the intent of any provision hereof.

13.   **Jurisdiction**.   The parties hereto submit to the jurisdiction and venue of the superior court in the County of Los Angeles, State of California, for any proceeding arising hereunder.

14.   **Waiver**.   No breach of any provision hereof can be waived unless it is done in writing.  Waiver of any on breach shall not be deemed a waiver of any other breach of the same or other provisions hereof.

15.   **Advice of Counsel**.   Each party hereto, by its execution of this AGREEMENT, agrees and covenants that hereafter no party shall deny the validity of this AGREEMENT on the grounds that they did not have the advice of counsel.  These parties acknowledge that they have received independent legal advice with respect to the advisability of making the release and agreement provided herein, and with respect to the advisability of executing this AGREEMENT and the contents thereof.

16.   **Third Parties**.No individual or entity, not a party or agent of a party to this AGREEMENT, shall have any rights or shall be entitled to any benefits hereunder.

17.   **Review of AGREEMENT.**   The parties have read and understand this AGREEMENT.  The respectively agree that the normal rules of construction, which allow any

5

ambiguities in the AGREEMENT to be construed against the drafting party, shall not be

employed in the interpretation of this AGREEMENT.  This AGREEMENT and its terms are not

standardized, nor are the provisions herein imposed or drafted by a party with superior

bargaining power.  The parties of this AGREEMENT each had the opportunity to negotiate, and

did in fact negotiate, the terms and provisions of this AGREEMENT.  The terms and provisions

of this AGREEMENT are within the reasonable expectations of the parties with respect to the

subject matter of this AGREEMENT.  This AGREEMENT and its terms are not one-sided,

harsh, oppressive, surprising or unfair for any party hereto with respect to the subject matter of

this AGREEMENT.  The parties to this AGREEMENT each have substantially equal bargaining

power in negotiating the terms of this AGREEMENT and in meaningfully choosing to enter into

this AGREEMENT.  The AGREEMENT of the parties and all of its terms and provisions are

clearly set forth in this AGREEMENT.

     18.   **No additional Inducement**.  The parties declare and represent that no promise,

inducement or agreement not herein expressed has been made, and this AGREEMENT contains

the entire agreement between the parties.

     19.   **Counterparts.**     This AGREEMENT may be executed in counterparts, each

of which shall be deemed an original, but all of which taken together shall constitute one and the

same instrument.  Any facsimile transmission of a signed signature page of this AGREEMENT

shall have the same force and effect as the original signature page.

///    19a.   Execution of Additional Documents. The parties agree to

///    execute any additional document required to effectuate

///    the terms of this agreement.

6

19b.   Time is of the Essence. Time is of the essence in
performance of the obligations therein and neither party shall
unreasonably delay performance of his obligations herein.

*Paragraphs A through J are made a part of this Agreement and incorporated herein.*

20.  <u>**Review and Understand AGREEMENT**</u>.  DEFENDANT and PLAINTIFF

acknowledge that they have read this AGREEMENT and that they are fully aware of its contents

and fully understand the legal effect of this AGREEMENT.

IN WITNESS WHEREOF, the parties have executed this AGREEMENT as of the date

opposite their respective signatures.


Dated:  4-15-16

By _____
          PETER ETESAMNIA


Dated:  4-15-16

By _____
          KOUROSH MALEKAN


APPROVED AS TO FORM AND CONTENT:


Dated: 04/15/2016

LANDAU & LANDAU

_____
BRUCE G. LANDAU, Attorney for DEFENDANT
PETER ETESAMNIA *on behalf of himself and
Ed Nassirzadeh*


Dated:  4-15-16

ADY LAW GROUP, P.C.

_____
DAVID YOUSSEFYEH, ESQ., Attorney for
PLAINTIFF KOUROSH MALEKAN


7

Additional Terms    SC 118749

To Settlement Agreement & Mutual Release.

(A) ~~Each~~ On, or before, June 17, 2016, Defendant shall provide Plaintiff with rugs having a minimum appraised value of ~~$~~ $100,000 (maximum of 15 rugs).

(B) Rugs shall be delivered to location choosen by Plaintiff, within ~~(thirty)~~ ~~30 miles of zip code 90210.~~ Los Angeles County.

(C) At the time of delivery, both Plaintiff and Defendant shall be present with their choosen appraiser to appraise the rugs.

(D) To the extent Plaintiff and Defendant's appraisers agree to the value of any rug(s), those rug(s) shall be given to Plaintiff and Defendant shall receive credit against the $100,000 for the appraised value of said

rugs.

—8—

(E) If the total amount of rugs, with an agreed value by Plaintiff and Defendant's appraisers, is less than $100,000, Defendant shall have an additional 45 days to provide Plaintiff with a maximum of 3 (five) 5 additional rugs to meet the $100,000 requirement. The ~~remaining~~ additional rugs ~~plus the three additional rugs~~ shall be delivered as per paragraphs B through D herein above.

(F) If after the second attempt the parties' appraisers have not agreed to rugs appraised as $100,000, the rugs in question shall be submitted, within 30 days, to a third appraiser, chosen by the two appraisers, whose valuation shall be final. The cost of this third appraiser shall be split equally between the parties. If the total value of the rugs after the third party appraisal is less than

$100,000, the ~~difference between~~ difference shall be paid in equal

payments over 6 months cristil Plaintiff has received $100,000 in

total value.                    — 9 —

(G) Plaintiff to draft Stipulation for Entry of Judgment which shall include usual and customary terms.

Omitted (H) ~~[struck through]~~ in ~~[struck through]~~

(I) If at any time Defendant does not meet his obligations herein, Plaintiff shall be entitled to ~~enter~~ enter Judgment, pursuant to Stipulation for Entry of Judgment, in amount equal to $200,000 less credit for value of rugs, if any, received by Plaintiff.

(J) These terms are part of the Settlement Agreement and Mutual Release between Pedram "Peter" Etesaminia and Kourosh Malekan.

Pedram Etesamnia

Kourosh Milekay

10 of 10

# Exhibit B

A. David Youssefyeh (185994)
Liza Youssefyeh (192945)
A|D|Y Law Group, P.C.
1925 Century Park East, Suite 1380
Los Angeles, California  90067
Telephone:    (310) 772-2872
Facsimile:    (310) 772-0020

Attorneys for Plaintiff,
KOUROSH MALEKAN

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re<br><br>    PETER PEDRAM ETESAMNIA<br><br>    Defendant.<br><br>_____<br><br>KOUROSH MALEKAN, an individual,<br><br>    Plaintiff,<br><br><br>  v.<br><br><br>PETER PEDRAM ETESAMNIA, an individual.<br><br>    Defendant.<br>_____ | Adv. No. 2:13-ap-01695-WB<br><br>Case No.  2:12-bk-43661-TD<br><br>Chapter: 7<br><br>**ORDER OF DISMISSAL SUBJECT TO REOPENING, WITHOUT FEE, FOR PURPOSES OF ENTERING JUDGMENT IN THE EVENT OF DEFAULT** |

– 1 –

1

2
        Pursuant to Federal Rule of Civil Procedure 41(a)(1)(ii), made applicable to

3
adversary proceedings by Federal Rule of Bankruptcy Procedure 7041, this adversary

4
proceeding is dismissed, subject to reopening for purposes of entering judgment against

5
the Defendant in the event of default under the settlement agreement.

6
        IT IS SO ORDERED.

7

8

9
Date:_____                              _____/s/_____

10
                                                 HON. JULIA W. BRAND,
                                                 US BANKRUPTCY JUDGE

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ORDER OF DISMISSAL SUBJECT TO REOPENING, WITHOUT FEE, FOR PURPOSES OF ENTERING JUDGMENT
IN THE EVENT OF DEFAULT

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

 1925 Century Park East, Suite 1380, Los Angeles, CA  90067

A true and correct copy of the foregoing document entitled (*specify*): Motion for Approval of Settlement _____
_____
_____
_____

will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) 09/30/2016 _____, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

 Edmond Nassirzadeh - ed@nasslawfirm.com; Bruce G Landau - bgl26@aol.com
 Jason M Rund - trustee@srlawyers.com, jrund@ecf.epiqsystems.com
 United States Trustee - ustpregion16.la.ecf@usdoj.gov

☐ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On (*date*) 09/30/2016 _____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

 Jason M Rund (TR) Sheridan & Rund 840 Apollo Street, Suite 351 El Segundo, CA 90245
 United States Trustee (LA) 915 Wilshire Blvd, Suite 1850 Los Angeles, CA 90017

☐ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) 09/30/2016 _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.
 Hon. Julia W. Brand
 255 E. Temple Street, Suite 1382 / Courtroom 1375
 Los Angeles, CA 90012

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 09/30/2016 | A. David Youssefyeh | /s/ |
|---|---|---|
| Date | Printed Name | Signature |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.